NATIONAL REVERE BANK *v.* BAY STATE SHOE FASTENING CO., *and* RICHARDSON, *Tr.*

| 67 | 371 |
| 69 | 396 |
| 69 | 533 |

The purchaser of goods for cash upon delivery is not chargeable as the trustee of the vendor, in process of foreign attachment.

FOREIGN ATTACHMENT. Facts found by the court. At an auction sale July 18, 1891, Richardson, the trustee, bid off certain patent rights, machinery, and other personal property belonging to the defendants, for the sum of six hundred dollars, of which sum one hundred dollars was required to be paid at the time of the sale as a guaranty of the bid, and the balance at the time of the transfer and delivery of the property; and the defendants had thirty days within which to make the transfer and delivery. Richardson paid the defendants one hundred dollars immediately after bidding off the property. While he was indorsing a check for that purpose, the plaintiffs' writ was served upon him. Subsequently, and within thirty days after the sale, he paid the balance in accordance with the terms of the sale.

*Charles T. Davis* (of Massachusetts) and *Bertis A. Pease*, for the plaintiffs.

*George B. French*, for the trustee.

SMITH, J. The trustee must be discharged. At the time of the service of the writ upon him he had not, and at no time after had he, any money, goods, chattels, rights, or credits of the defendants. P. S., c. 245. The contract of sale was for cash on delivery of the property. The title to the property could not vest in the buyer until the sale was consummated by payment and delivery. *Lucy* v. *Bundy*, 9 N. H. 298, 301; *Ferguson* v. *Clifford*, 37 N. H. 86, 103; *Paul* v. *Reed*, 52 N. H. 136. Delivery and payment in a cash sale are concurrent acts. The payment of one hundred dollars by check was not for a debt due from Richardson to the defendants. It was not the defendants' money. It was paid as security or guaranty that Richardson would receive the property sold within thirty days, and pay therefor on delivery the sum of six hundred dollars, of which the check was to be accounted as part. The defendants became his creditor for one hundred dollars, conditioned on Richardson's performing the contract. If the latter had failed to complete it, the check would have become forfeited. If the defendants had failed to complete it, Richardson could have recovered the hundred dollars.

So when he paid the sum of five hundred dollars: he could not demand the property without tendering the price. Nor could the seller demand the money without tendering the property. In a cash sale, the seller, in contemplation of law, lets go of the property with one hand as he receives the price with the other, and the buyer receives the property at the same instant of time he pays the price. There being no appreciable space of time between delivery and payment, the relation of debtor and creditor cannot be said to exist. The seller cannot be a creditor nor the buyer a debtor, for, the parties having agreed that payment and delivery

shall be simultaneous, there is no *punctum temporis* for the trustee process to become effective.

It is contended that, the writ having been served on Richardson before the check was paid over, he paid it at his peril. But it is clear he could not have been adjudged chargeable if he had refused to pay it over; and if he cannot be adjudged chargeable when he has not paid it, the act of paying it cannot make him chargeable.

It is contended further, that before he paid the balance of five hundred dollars the title of the property had vested in him. But this is a mistaken view of the facts. Upon the transfer and delivery by the defendants of the property, the balance was paid "in accordance with the terms of sale;" and having been paid according to the contract, there was no waiver of the terms of payment. The property must have been put in Richardson's possession in the expectation that he would immediately pay the price. If he had refused to make immediate payment, the defendants could at once have reclaimed the goods. *Paul* v. *Reed, supra.* The contract of sale was not consummated and the title did not vest in Richardson until he paid. When he had paid, he owed nothing. Before the title vested in him he owed nothing for which the defendants could have enforced payment without tendering the goods. The plaintiffs, therefore, were not wronged by the payment.

A part of the property sold consisted of letters patent, a species of property which the law has made no provision for attaching. The machinery and other personal property were subject to attachment in this suit if within this state. But the fact that the letters patent were not attachable, or that the other property could not be found, affords no reason for holding the trustee chargeable.

*Paul* v. *Reed, supra,* is a very similar case. There the property sold was exempt from attachment, but the decision did not turn on that fact. The contract was a sale for cash, and the property was actually delivered to the buyer, and a portion of it mingled with his own. While the seller was figuring up the amount the buyer took out his money to pay, when the act was arrested by the service of a trustee process. The buyer declined to pay, and the seller reclaimed his property. The goods having been put into the possession of the buyer in the expectation of immediate payment, and the buyer having declined to pay, it was held that the seller might regard the delivery as conditional and at once reclaim the goods; and for that reason the trustee was discharged.

It is so well settled in this state as to have become familiar law, that in the absence of fraud a person cannot be charged as the trustee of another unless the other can maintain against him an action for the recovery of the same subject-matter or its value. *Forist* v. *Bellows,* 59 N. H. 229. In *Carter* v. *Webster Paper Co.,*

65 N. H. 17, it was held that the service of the trustee process
could not deprive the defendants of their right to take and pay for
certain teams and tools at the end of the logging season, or return
them and pay the shrinkage, in accordance with their contract with
the trustee.    Foreign attachment cannot change the nature of the
contract between the trustee and the defendants, nor prevent the
trustee from performing his contract with a third person.

To adjudge Richardson chargeable in this action would be
making a contract for the parties different from what they made
for themselves, and would compel him to pay for the goods twice
before he could get them.

*Trustee discharged.*

CHASE, J., did not sit: the others concurred.