## ADAMS *v.* THE STATE.

CRIMINAL LAW.—*Evidence.*—*Instruction.*—*Alibi.*—In a criminal action, the charge to the jury, that under evidence of an *alibi,* "you should carefully examine, in order to ascertain whether, even if an absence be shown, that absence at another place was so complete and of such a character in regard to time and location, as to render the defendant's presence impossible at the time and place of the commission of the alleged crime," was held to be erroneous. If the jury believed the defendant to have been at another place at a given time, and if his being there then created a reasonable doubt of his presence at the place of the crime, at the time of its commission, he should have been acquitted.

APPEAL from the Tippecanoe Criminal Circuit Court.

WORDEN, J.—The appellant, Adams, was indicted in the court below for stealing a mare, saddle, bridle, and halter, the property of Albert S. Wright, and upon trial was convicted and sentenced to the penitentiary for the term of two years. He moved for a new trial, on the ground, amongst other things, that erroneous charges pointed out had been given to the jury, to which exception had been taken, but his motion was overruled. Exception.

The mare was stolen sometime during the night of the 26th of October, but at what particular hour did not appear. She was taken from the stable of the owner, two and a half or three miles north-west from the city of Lafayette. She was found on the next day at about two o'clock, at large, feeding along the highway, about three-fourths of a mile south of Reynolds, in White county. There were circumstances pointing to the defendant as the thief. But, on the other hand, there was evidence tending to show that the defendant was in Lafayette, at about five o'clock on the day mentioned; that he stayed in Lafayette that night and slept in the house of his mother-in-law. One witness testifies that he went to bed about three o'clock on the morning of the 27th, the defendant being then in the same bed; that he talked with him a few minutes, but does not know what time the defendant got up in the morning. No witness tes-

Adams 𝑣. The State.

tifies as to what time the defendant got up in the morning and left the house.

The court gave, amongst others, the following charge:

" Evidence has been introduced, by the defendant, for the purpose of establishing an *alibi*, and is " [intended] " to show that the defendant, at the time of, and during the time required for, the commission of the crime charged, was at another place, and that, therefore, he could not possibly be guilty.  Of course, if this be established, the defendant cannot be guilty; but a defence of this character is one which you should carefully examine, in order to ascertain whether, even if an absence be shown, that absence at another place was so complete and of such a character in regard to time and location, as to render the defendant's presence impossible at the time and place of the commission of the alleged crime."

This charge, as we think the jury must have understood it, when considered with reference to the evidence, implies that it must have been impossible for the defendant to have been at Lafayette at the times indicated by the evidence offered by him and also to have been present at the time and place of the larceny, in order that the defence should be available.  We think the term "impossible" quite too strong a term to be employed in that connection.

If the jury believed that the defendant was at Lafayette at the times testified to by his witnesses, and if they also believed that it was improbable for him to have been there at those times and also to have been present at the time and place of the larceny, the defence was for the consideration of the jury.  Such improbability need not, in such case, be so great as to amount to impossibility.  If the jury believed that the defendant was at Lafayette at the times indicated by his testimony, and if the improbability of his being there at those times, and also of his being present at the time and place of the larceny, was so great as to raise a reasonable doubt in their minds of his guilt, taking all the evidence together, he was entitled to the benefit of that doubt, and

therefore to an acquittal. We are of opinion that the charge was ·erroneous, and may have misled the jury. For this . reason the judgment must be reversed.

The judgment below is reversed, and the cause remanded, for a new trial.

The clerk will give the proper notice for a return of the prisoner.

*R. P. Davidson* and *J. C. Davidson*, for appellant.

*A. L. Kumler* and *J. C. Denny*, Attorney General, for the State.