ADDISON C. GETCHELL *vs.* ANDREW J. CHASE & trustee.

Suffolk. March 29. — April 6, 1878. COLT & MORTON, JJ., absent.

A bank check, given and accepted by the parties to it as payment of the balance found due upon accounting together, is such a payment as will entitle the drawer to be discharged, if summoned as trustee of the payee, in an action in which the writ is served on the day after such payment, although the check is not presented and paid at the bank on which it is drawn until the next day.

TRUSTEE PROCESS. Writ dated March 15, 1877, and served on the same day. Michael Englehardt, summoned as trustee, answered that on March 14, 1877, he owed the defendant $110, and gave him his check for that amount, which the defendant accepted in settlement of the debt; that there were sufficient funds deposited in the bank, on which the check was drawn, to his credit, to pay the check on presentation; that the check was presented by the defendant and paid at the bank on March 16, 1877; that when the writ was served upon him, he informed the officer that he had given to the defendant a check for all he owed him, and that the service was too late; and that, at the time of the service upon him, he did not know whether the check had been duly presented to the bank, or in whose possession it was, and made no inquiry in regard to it.

In the Superior Court, the defendant was defaulted, and the trustee discharged. The plaintiff appealed to this court.

*C. Browne & Jabez S. Holmes,* for the plaintiff.

*A. Russ & D. A. Dorr,* for the trustee.

GRAY, C. J. Upon the facts stated in the trustee's answer, the check was evidently given by him and received by the principal defendant as payment, and operated as such, at least until presentment and refusal, which in this case did not happen. Nothing therefore was due from the trustee to the defendant at the time of the service of this process. *Pearce* v. *Davis,* 1 Mood. & Rob. 365. *Barnard* v. *Graves,* 16 Pick. 41. *Cushman* v *Libbey,* 15 Gray, 358. *Trustee discharged.*