Wisdom et al. v. People.

1. On the trial of an indictment for burglary, an accomplice, as a witness for the prosecution, after testifying that he told M. where the jewelry was that was taken, was asked if he went with M. to show him where the jewelry was. *Held* not objectionable on the ground "that the declarations of one of several persons engaged in a common unlawful purpose are not admissible against the others if made after the completion of the unlawful purpose."

2. An instruction that, "to render proof of an *alibi* satisfactory, the evidence must cover the whole time of the transaction in question,

so as to render it impossible that the defendant setting up such defense could have committed the act," *held* liable to mislead the jury, and ground for new trial.

3. An instruction that " an accomplice is a competent witness, and if the jury, weighing the probabilities of his evidence, think him worthy of belief, a conviction, supported by such testimony alone, is legal," is correct, the jury being further instructed that "evidence from an accomplice should be received with great caution."

### Error to Criminal Court of Lake County.

The facts are stated in the opinion.

Messrs. N. Rollins and Taylor, Ashton and Taylor, for plaintiffs in error.

Alvin Marsh, Attorney-General, for defendant in error.

Rising, C. Plaintiffs in error and one Walter Beal were jointly indicted for burglary. A severance was had as to Walter Beal, and the plaintiffs in error were tried together and convicted. Twelve errors are assigned. The first and second relate to proceedings had before the commencement of the trial, and are not relied on in the argument. The other errors will be considered in the order which counsel have argued them. On the trial Walter Beal was made a witness for the prosecution, and he testified that he told Joe Measures where the jewelry was that was taken. Thereupon he was asked if he went with Measures to show him where the jewelry was. This question was objected to, and the court permitted the witness to answer, and upon this ruling the third assign ment is based. Joseph Measures was a witness for the prosecution, and, after testifying that Beal had acknowledged that he knew where the jewelry was, was asked what he did with Beal after such acknowledgment. This question was objected to, and the court permitted the witness to answer, and upon this ruling the sixth assignment is based. These assignments are argued together,

and the objection to the questions asked is "that the declarations, confessions or admissions of one of two or more persons who are shown to have been engaged in a common unlawful purpose are not admissible in evidence against the others, if made after the completion of the unlawful purpose." Neither of the questions asked called for an answer which could possibly come within the rule contended for by counsel, and the answers actually given were unobjectionable. Upon the cross-examination of Beal he stated that the first time he accused plaintiffs in error of being implicated in the robbery was after he was arrested and placed in jail, and that he made this first statement to Mr. Hall, who was his attorney. He was then asked what Mr. Hall said to him that caused him to implicate plaintiffs in error. This question was objected to on the ground that the statement was a privileged communication, and the objection was sustained by the court, and upon this ruling the fourth assignment is based. The fifth assignment is as follows: "The court erred in refusing to permit defendants below to show that Mr. Hall had stated to the witness Beal that he had made arrangements with the district attorney to let the witness go if he would implicate and convict defendants below." This evidence was objected to on same ground as the objection to the last question. The fourth and fifth assignments were considered together by counsel in their argument.

We do not think the objection urged against the admission of the testimony is well taken; but the proof, if relevant at all, was relevant for the purpose of showing what inducements were at any time held out to the witness to get him to implicate others in the burglary with which he was connected, and if the exclusion of such proof at that time was error, the defendants by their subsequent action in objecting to the introduction of proof of the same matter are estopped from now urging such error. Upon the redirect examination of Beal he was

asked whether Hall held out any inducements to him to implicate the defendants. To this question the defendants objected, and the objection was sustained. The witness was then asked to state all that Hall said to him, and this question was objected to, and the objection sustained. The objection made to these questions by the defendants was that the matter was the same that the court had before ruled out. The defendant Robert Wisdom testified, in his own behalf, that on the evening of the 5th day of May he went, in company with John and Tom Robinson, to the pawn-office of Ben Davis for the purpose of borrowing money to get out of town; and John and Tom Robinson each testified that they went with Wisdom to the loan-office of Ben Davis on the evening of May 5th, and that Wisdom borrowed money there. Ben Davis testified that Wisdom, with two colored boys, was in his establishment on the evening of May 5th, in the neighborhood of 6 o'clock, and he was then asked whether Wisdom borrowed any money from him. This question was objected to by the district attorney, and the objection sustained, and upon this ruling the seventh assignment is based. Counsel for plaintiffs in error base their argument in support of this assignment upon the ground that the testimony offered was corroborative of facts testified to by defendant Wisdom and the Johnsons; but, if such facts were immaterial and irrelevant, then it was not error to exclude further testimony of the same kind. The only material fact in the testimony of the Johnsons and the testimony of Davis related to the *alibi* attempted to be proved, and we fail to see how the excluded testimony of Davis had any bearing upon that question. The court gave the following instruction to the jury: " An accomplice is a competent witness, and if the jury, weighing the probabilities of his evidence, think him worthy of belief, a conviction, supported by such testimony alone, is legal." The ninth assignment is based upon the giving of this instruction.

The defendants requested the court to instruct the jury as follows: "The testimony of an accomplice in a crime is not sufficient on which to find a verdict of guilty, unless such testimony is corroborated in a material respect by the testimony of witnesses not connected with the alleged offense." And defendants requested the court to further instruct the jury as follows: "A conviction cannot be had upon the uncorroborated testimony of an accomplice." The eleventh assignment is based upon the refusal of the court to give said instructions. Counsel have argued the ninth and eleventh assignments together. There is no rule of law requiring the trial judge to instruct the jury to acquit the accused in case his guilt is established only by the unsupported testimony of an accomplice. *Solander v. People*, 2 Colo. 48–67; *Ingalls v. State*, 48 Wis. 647; *People v. Haynes*, 55 Barb. 450; *Allen v. State*, 10 Ohio St. 289; *Earll v. People*, 73 Ill. 329. In *Earll v. People* an instruction was given identical in substance with the instruction in this case upon which the ninth assignment is based, and the instruction was sustained. In *State v. Stebbins*, 29 Conn. 463, 473, it is held that a conviction may be had on the uncorroborated testimony of an accomplice, but that it is the duty of the court to caution the jury as to the weight to be given to such testimony. This is as far as the later cases go, and in the case at bar the court instructed the jury that "evidence from an accomplice should be received with great caution," and, in giving this instruction, the court performed its whole duty in regard to that matter. The court instructed the jury upon the law relating to an *alibi* as follows: "The jury are further instructed that in this case what is known in law as an '*alibi*' — that is, that the defendants were at another place at the time the crime charged in the indictment was committed — is in part relied on by the defendants. To render the proof of an *alibi* satisfactory, the evidence must cover the whole time of the transaction in question,

so as to render it impossible that the defendants setting up such defense could have committed the act." The court committed no error in charging the jury that, "to render the proof of an *alibi* satisfactory, the evidence must cover the whole time of the transaction in question," and whether the qualifying language following this part of the instruction states a correct legal proposition or not depends upon its application to that part of the instruction last quoted. It seems to us that the words, "so as to render it impossible that the defendants setting up such defense could have committed the act," relate exclusively to the completeness with which the whole time must be covered by the evidence; and if they do, then they state a correct legal proposition. *Briceland v. Com.* 74 Pa. St. 463, 469; *Ware v. State*, 67 Ga. 349; *Landis v. State*, 70 Ga. 651; *Miller v. People*, 39 Ill. 457, 464. But if the language so used relates to the sufficiency of the proof of the *alibi*, then the instruction is erroneous, in that it requires a greater degree of proof than might be sufficient to create a reasonable doubt of the guilt of the accused; for while such testimony might not be sufficient to show that it was impossible for the defendants to have been present at the commission of the burglary, it still might have been sufficient to have raised a doubt in the minds of the jury as to whether they were present or not, and such doubt might have created a reasonable doubt as to their guilt. Defendants should not be deprived of the benefit of such doubt. *Kent v. People*, 8 Colo. 584; *Chappel v. State*, 7 Cold. 92, 94; *Walters v. State*, 39 Ohio St. 215, 217; *State v. Hardin*, 46 Iowa, 623, 628; *Pollard v. State*, 53 Miss. 410, 421; *State v. Waterman*, 1 Nev. 543; *Stuart v. People*, 42 Mich. 255, 260; *West v. State*, 48 Ind. 483, 487; *Adams v. State*, 42 Ind. 373. While we think the qualifying language relates to the *alibi*, and not to the amount of proof necessary to establish the defense, and that it is improbable that defendants have been injured by the in-

struction through a misconception of its meaning by the jury, still we cannot say that they could not have been so injured, and for this reason we think a new trial should be had. *Sullivan v. People*, 31 Mich. 1-4. As the twelfth assignment of error raises no questions that will be likely to arise upon a retrial of the case, we do not deem it necessary to pass upon the rulings therein assigned for error.

The judgment should be reversed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the criminal court is reversed and cause remanded for a new trial.

*Reversed.*