[No. 7337.]

## THE PEOPLE v. McDONALD.

FORGERY—*Check Payable to Order Not Endorsed*—Under the statute (Rev. Stat. sec. 1704) the fabrication of a false check payable to the order of one named therein, with intent to defraud, or the attempt to pass such a check, with a like intent, is forgery, even though the paper is without any simulation of the endorsement of the payee. The crime does not consist in accomplishing the fraud, but in attempting it by the prohibited means.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Mr. WILLIS V. ELLIOTT, district attorney, Mr. JOHN HORNE CHILES and Mr. DEWEY C. BAILEY, JR., for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. In this criminal case, the defendant is charged in the first count of the information with attempting to pass an alleged forged bank check; and in the second count with having forged the instrument, which is as follows:

No. 816.                    "Denver, Colo., Dec. 8th, 1909.
·The Central National Bank of Denver.
Pay to the order of Richard Wells........$20.95/100....
twenty (20) ..95/100.. Dollars.          J. A. OSNER."

December, 1909, defendant entered the saloon of Peterson, presented the check to his bartender, and wanted to get it cashed. The matter was referred to Peterson, who, after some conversation with the defendant, told him the signature was not genuine, and turned him over to an officer without giving him any money and without the check being indorsed.

After identifying the check and showing the circumstances under which the defendant tried to cash it, the people offered it in evidence. Defendant objected on the ground that it had no legal efficacy, and was not the subject of forgery because it was not indorsed. The objection was sustained and the district attorney, after stating that he could make no case without the check in evidence, and the court still refusing to admit it, rested. Whereupon the court, on defendant's motion, directed the jury to return a verdict of not guilty, and discharged him.

The people bring the case here to review the action of the district court.

2. Our statute provides that every person who shall falsely make or forge any check for the payment of money with intent to prejudice, damage or defraud any person, or who shall attempt to pass as true and genuine, any such check, knowing it to be forged, with intent to prejudice, damage or defraud any person, shall be deemed guilty of forgery. This statute embraces two definitions of forgery; first, the making of a false check with intent to prejudice, damage or defraud another; and second, attempting to pass it as true and genuine, knowing it to be false, with intent to prejudice, damage or defraud another. It will be unnecessary in this opinion to repeat these definitions. For brevity we will speak of making the check, or attempting to pass it. Assuming that the check was not true and genuine, if the defendant made it with the above intent, he was guilty of forgery when he made it. If he attempted to pass it, he was guilty of forgery when he tried to do that. It was not necessary to constitute a completed crime, that the check should be indorsed, cashed or passed, or that any one should be actually prejudiced by it. The crime did not consist in realizing on the fraud, but in making the false check or attempting to pass it. 2nd. Bish. Crim. Law, sec. 538.

3. The district court held there was no forgery because the check was not indorsed, and refused to admit it in evidence. It was useless for the prosecution to proceed; no case could be made without the check in evidence. In this ruling the court was clearly in error. It was not necessary for the people to either allege or prove an indorsement of the check.— *Santolini v. The State,* 6 Wyo. 110; *Leslie v. The State,* 10 Wyo. 10; 1 Bis. Crim. Law, sec. 572; 2 Bish. Crim. Law, secs. 535, 638.

In the *Santolini* case, it is said:

"It does not seem from the authorities that it is necessary either in any indictment for forgery, or for uttering forged paper, or for passing the same, to set out any indorsements thereon, to show the instrument to be of apparent legal

efficacy; it is sufficient to charge that it is a forged writing, was uttered or passed with knowledge of the forgery, and with intent to defraud."

Intent is a most material element entering into the crime of forgery, without which, there can be no conviction. Indorsement is a means of collection, and might be very satisfactory and conclusive evidence of intent; but the intent of the defendant did not necessarily depend upon indorsement. The prosecution, if given an opportunity, might have shown it to the satisfaction of the jury beyond a reasonable doubt by other evidence. Because the forgery was detected before indorsement or before any one was prejudiced, does not render the act any the less criminal. It was for the jury to say, in connection with all the evidence in the case, what effect they would give to defendant's unexplained possession of, and attempt to pass a lately forged check, or if he made any explanation, whether it was reasonable.

4. The court relied upon *Raymond v. People,* 2 Colo. App. 329, in holding that the check had no legal efficacy, and no one could be prejudiced by it until it was indorsed. But that is not the test. The test is, whether it had apparent legal efficacy and was capable of being used so as to prejudice others. The majority opinion in that case held the city warrant was void, and absolutely worthless for all purposes on its face, because it failed to state a mandatory requirement of the statute, and for this reason could not be the subject of forgery; that is, that the warrant showed upon its face that it could not be used to prejudice any one. There was no material difference of opinion on the law of forgery. It was over the use that might be made of the warrant to defraud the city, that the judges differed. This check violates no statute and is not void and worthless on its face for all purposes. On the contrary, it appears to be a good and valid check, and may be used to prejudice another if it is not genuine. It is an ordinary bank check, in general use to draw against an account in a bank, and if genuine, creates a liability. If a

forgery, it might be used to prejudice, damage or defraud others. It was not an innocent piece of paper having no tendency to deceive or prejudice anyone. It was possible for it to be used to prejudice others, and if not genuine, was a forgery without indorsement. It was the making or attempting to pass, and not the indorsement of the check, that constituted the crime. Even if it is true that it could not actually prejudice others until it was indorsed, that makes no difference, if it was capable of being used by indorsement for that purpose.                                   *Reversed.*

Mr. Justice Musser and Mr. Justice Hill concur.