[Civ. No. 1848.    Second Appellate District.—November 17, 1915.]

## AMERICAN EXCHANGE NATIONAL BANK OF DULUTH (a Corporation), Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, JOHN W. SHENK, Judge, Respondents.

ACTION UPON CHECK—GARNISHMENT OF DEFENDANT IN ANOTHER ACTION—ERRONEOUS STAY OF PROCEEDINGS.—An order staying proceedings in an action brought by the assignee of a dishonored check against the maker thereof until another action pending in the same court against the payee of the check was finally determined, is erroneous, where such order was based upon a notice of garnishment in the latter action served upon the defendant in the former action, which did not in any way pretend to describe or identify such check, but only gave notice of attachment of all moneys, goods, credits, effects, debts due or owing, or any other personal property belonging to the defendant in the latter action in the possession or under the control of the defendant in the former action.

ID.—GARNISHMENT OF DRAWEE IN DIFFERENT ACTION—STAY OF PROCEEDINGS UNWARRANTED.—Such an order cannot be supported for the reason that it is shown by the answer that another attachment in a different case against such payee was issued and garnishment notice therein served on the defendant herein and also on the drawee of the check, and that the refusal of the latter to honor and pay the check was solely on account of such notice of garnishment.

ID.—GARNISHMENT OF CHECK AFTER DELIVERY.—By agreement a check may be taken as absolute payment, and the drawer will then be liable only as an indorser, and not on the original debt; and a check is always so far payment until dishonored that, after its delivery, the drawer cannot be garnished as debtor of the payee in respect to the debt for which the check is given.

ID.—LIMITATION OF GARNISHEE'S LIABILITY.—A garnishee's liability in the case of a debt due from him is grounded upon and is limited by his liability to the defendant in the principal action whereby the latter has at the time of the garnishment a cause of action, present or future, against him.

APPLICATION for a Writ of Mandate originally made in the District Court of Appeal for the Second Appellate District directed to the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Petitioner.

C. H. Brock, and M. P. Frasier, for Respondents.

CONREY, P. J.—On petition for writ of mandate. An action numbered B–16,352 and entitled American Exchange National Bank of Duluth, Plaintiff, *v.* Title Insurance & Trust Company, Defendant, was filed in the superior court of Los Angeles County on September 11, 1914, and is now pending. In that action the plaintiff seeks to recover a sum of money due upon a check assigned to it by one J. H. Constantine. This check was issued by the Title Insurance & Trust Company to Constantine on May 12, 1914, and was thereafter indorsed and transferred by Constantine to the plaintiff. The action was brought against the defendant company after presentation of the check by the plaintiff to the bank against which it was drawn and refusal of payment by that bank. The action of plaintiff against the Title Insurance & Trust Company came on regularly for trial on June 3, 1915, counsel for the respective parties being present in court. Thereupon the defendant moved the court for a stay of proceedings in the action until final determination of another action pending in that court, numbered B–25,383 and entitled Herbert Freston, Plaintiff, *v.* J. H. Constantine, Defendant. An order was made granting said motion and in accordance therewith the superior court refused to proceed with the trial of the case. The petitioner alleges that by reason of said order and action on the part of the respondent, petitioner is unable to proceed with its said action and unless relief be granted in this proceeding the action cannot be tried until final judgment shall have been rendered in the Freston case.

The motion of the defendant Title Insurance & Trust Company for stay of proceedings in the action against it was made "on the grounds that the defendant in this action has been served with notice of garnishment in said case of Herbert Freston, plaintiff, against J. H. Constantine, defendant, as aforesaid, as will more fully appear by the affidavit marked 'Exhibit A' attached hereto and made a part hereof." The affidavit shows that the action of Freston *v.* Constantine was commenced on June 2, 1915; that a writ of attachment was issued in that action against the property of the defendant Constantine; that the writ, with notice of garnishment of

the funds and property of Constantine and of any indebtedness due to Constantine from the Title Insurance & Trust Company, was served on the company on June 2, 1915; and that the Freston action is still pending. The affidavit, which is by the secretary of defendant company, closes by saying, "that it was sought by said writ of attachment and notice of garnishment to attach all indebtedness, if any, of the defendant, Title Insurance and Trust Company, to J. H. Constantine, under and by virtue of the identical check sued upon in this action." The notice of garnishment as served by the sheriff upon the defendant company is attached to the answer of respondent herein and does not in any way pretend to describe or identify said check. It purports only to give notice of attachment of all moneys, goods, credits, effects, debts due or owing, or any other personal property belonging to defendant Constantine in the possession or under the control of the Title Insurance & Trust Company. If the obligation sued upon by the plaintiff in action No. B–16,352 is not a debt owing by the defendant company to Constantine, the garnishment proceeding can furnish no reason for postponing the plaintiff bank in the enforcement of its demand. The subject matter of the complaint in the Freston case has no relation whatever to the check sued on in action No. B–16,352. A judgment in favor of plaintiff bank in its action against the Title Insurance & Trust Company cannot possibly be rendered, except upon a finding that the plaintiff bank is the legal owner of the obligation, to wit, the check indorsed to it by Constantine. If it is such legal owner, we can find no reason or rule of law under which it should be compelled to postpone realization upon its demand until the settlement of a controversy between its assignor and some one claiming to be his creditor.

It is claimed by respondent that progress in the action against the Title Insurance & Trust Company should be stayed for the further reason that, as shown by the answer in that action, another attachment in the case of one Lovell against J. H. Constantine (No. B–12,286 of said superior court) was issued and garnishment notice therein served on the Title Insurance & Trust Company and also on the Farmers & Merchants' National Bank, drawee of the check so assigned by Constantine to the petitioner herein, plaintiff in action No. B–16,352; that the refusal of the bank to honor

and pay the check was solely on account of said notice of garnishment served on it.   This matter is probably extraneous to the case presented for our decision, since the motion for stay of proceedings in action No. B–16,352 referred only to the attachment proceedings in the Freston case.   But even conceding that the garnishment in the Lovell case is a proper subject for consideration here, we do not think that the respondent is in any better position on that account.   We apprehend that the reason given by the Farmers & Merchants' National Bank for not honoring the check and the notice of garnishment served upon that bank are not available to the defendant Title Insurance & Trust Company as a ground for abatement of proceedings in the action against it.   So far as the notice of garnishment is concerned in the action of Lovell against Constantine, it is of no more importance with respect to the matters involved herein than is the garnishment notice in the Freston case.   "By agreement a check may be taken as absolute payment, and the drawer will then be liable only as an indorser, and not on the original debt.   And a check is always so far payment until dishonored, that, after its delivery, the drawer cannot be garnisheed as debtor of the payee in respect to the debt for which the check is given." (Morse on Banks and Banking, 4th ed., sec. 543.)   "A check given by a debtor in settlement of an account is so far payment as to discharge the drawer as trustee of the payee, service being made on him after giving the check but before presentment; the check is payment unless dishonored." (Id., sec. 545; *Getchell* v. *Chase,* 124 Mass. 366.)   A garnishee's liability in the case of a debt due from him is grounded upon and is limited by his liability to the defendant in the principal action whereby the latter has at the time of the garnishment a cause of action, present or future, against him. (Drake on Attachment, 7th ed., sec. 463.)   But Constantine had no right of action against the Title Insurance & Trust Company, for its check issued in his favor, either in payment or in conditional payment of its obligation to him, was not dishonored while in his hands.

Being of the opinion that the notices of garnishment relied upon by the respondent herein were not sufficient to impose upon the Title Insurance & Trust Company any liability affecting the check issued by it to Constantine, we think that the court erred in granting the motion for stay of proceed-

ings in said action No. B–16,352, and that the plaintiff therein is entitled to have the case proceed to trial and judgment the same as if neither of said garnishments had been issued.

Let peremptory writ issue.

James, J., and Shaw, J., concurred.