No. 20,513.

Lee Giron *v.* The People of the State of Colorado.
(380 P. [2d] 905)

Decided April 22, 1963.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mrs. Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

In a trial to the court Giron was adjudged guilty of forgery (C.R.S. '53, 40-6-1) and sentenced to a term of from seven to ten years in the state penitentiary. By writ of error Giron now seeks reversal of the judgment and sentence, generally contending that the evidence is insufficient "to convict . . . [him] of the charges in the information," and further that certain of the People's witnesses offered perjured testimony at his trial.

In his brief the Attorney General first asks that the writ of error be dismissed for the failure of Giron to follow certain mandatory procedural requirements prescribed by Colo. R. Crim. P. and thereafter contends that in any event the record fails to disclose any "plain error or defects affecting [the] substantial rights" of Giron which under Rule 37(b) Colo. R. Crim. P. "may be noted" by this court, "although . . . not brought to the attention of the trial court." We agree with each of these alternative contentions.

The record before us discloses that Giron never filed a motion for a new trial or in arrest of judgment. Rule 37(b) Colo. R. Crim. P. provides that "a writ of error *shall not issue* to a final judgment against a defendant" unless such motion is filed and a clerk's certificate to that effect is filed with this court. (Emphasis supplied.)

Giron concedes that he did not file a written motion for a new trial or in arrest of judgment, and as his excuse for not doing so states in his brief that immediately after the trial court adjudged him guilty of forgery, the judge thereof verbally "denied him the right to file a motion for a new trial." It should be noted that although Giron appears in this court *pro se,* he was represented in the trial court by capable, court appointed counsel. In connection with Giron's suggestion that the trial court "denied" him the right to file

a motion for a new trial, or perhaps "dispensed" with the necessity therefor, the record before us does not contain any such utterance by the trial court, and as a matter of fact makes no reference whatsoever to a motion for a new trial.

We must, of course, base our decision upon the record as made, and are not at liberty to add thereto upon the unilateral suggestion of one of the disputants in his brief. See *Noice v. Jorgensen,* 151 Colo. 459, 378 P. (2d) 834. Under the circumstances Giron's failure to file a motion for a new trial requires summary dismissal of the writ of error.

For the edification of the plaintiff in error, however, we state that a careful examination of the record fails to disclose any reversible error and we conclude that the various assignments of error are in each instance without merit. Giron argues that three of the People's witnesses committed perjury, whereas he testified to the truth. Suffice it to say in this regard that the learned trial judge, sitting as the trier of the facts with the written consent of Giron, rejected the exculpatory and self-serving testimony of Giron and adopted the testimony offered by the People. The trial court, not this court, has the responsibility of resolving disputed issues of fact.

We also find ample evidence to support the finding that Giron was guilty of the crime with which he was charged. Three witnesses identified him as the one who passed the check in question, although only one testified that Giron actually endorsed the check. Giron testified that he did not cash the check, that his is a case of mistaken identity, and he denied with considerable emphasis that he endorsed the check in question. In this latter connection Giron attached to his brief specimens of his handwriting and requested that a handwriting expert compare it to the endorsement on the check. Giron apparently believes that if he can establish that he did not endorse the check in question, this

in and of itself would be a complete defense to the charge. In thus contending Giron misconceives the precise nature of the crime charged in the information.

 Giron was charged with passing a forged instrument with intent to defraud, not with forging an instrument with a similar intent. In *Davenport v. People,* 138 Colo. 291, 332 P. (2d) 485, it was recognized that although the crime of forgery as defined by C.R.S. '53, 40-6-1, may be committed by forging the name of a maker to a check, "it may also be committed by passing a forged or spurious instrument as true and genuine." And in *People v. McDonald,* 53 Colo. 265, 125 Pac. 114, where the defendant was charged with "attempting to pass an alleged forged bank check," it was stated that "it was not necessary for the People to allege or prove an indorsement of the check."

Under the circumstances, whether Giron or someone else actually endorsed the check is immaterial, the material allegations of the information being that Giron knowingly passed a forged instrument with the intent to defraud. The instrument in question was quite clearly established to be a forged check, and there was ample evidence to support the trial court's conclusion that Giron cashed the forged check with knowledge of its falsity and with an intent to defraud.

The writ of error is dismissed.

MR. JUSTICE HALL concurs in the result.

MR. JUSTICE SUTTON not participating.