No. 22633.

AL GENTRY *v*. THE PEOPLE OF THE STATE OF COLORADO.
(441 P.2d 675)

Decided June 10, 1968.

BEN KLEIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, AUREL M. KELLEY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THE plaintiff in error, referred to herein as the defendant, was convicted of forgery under C.R.S. '53, 40-6-1. The forgery was of the name of Patrick Quinn, the purported maker of a check. The check was made payable to the defendant, who endorsed and cashed it at a store on December 11, 1962. The check was dated December 11, 1963, a fact not noticed by store personnel until after the defendant left the premises. The instrument bore the notation "Paid for 53 Buick" and, at the time the defendant passed it, he indicated that he had received it for an automobile which he had sold. At the trial Patrick Quinn testified that he had not purchased a 1953 Buick from the defendant or anyone else.

The defendant contends that, under the Negotiable Instruments Law of Colorado (C.R.S. '53, Chap. 95, Art. 1) in effect at the time, the check was void on its face by reason of being dated a year in the future and, therefore, could not be the subject of forgery. See *Poe v. People,* 163 Colo. 20, 428 P.2d 77; *Raymond v. People,* 2 Colo. App. 329, 30 P. 504; 2 F. Wharton, Criminal Law and Procedure § 643 (1957 ed.); Annot. 174 A.L.R. 1300.

The fact that an instrument is postdated does not render it void, but merely defers negotiability to a subsequent time. See *American Agricultural Chemical Co. v. Scrimger,* 130 Md. 389, 100 A. 774, L.R.A. 1917 F, 394; J. Brannan, Negotiable Instruments Law § 12 (1938 ed.). The check created prima facie a valid and legally enforceable obligation and, therefore, could be the basis of a forgery.

The defendant has cited two cases: *Gooch v. State,* 249 Ala. 477, 31 So.2d 776, and *Davis v. Commonwealth,* 399 S.W.2d 711 (Ky.), *cert. denied,* 385 U.S. 831, 87 S. Ct. 67, 17 L.Ed. 2d 66. Each of these cases states the general proposition that an instrument manifestly void on its face cannot be the subject of forgery. However, *Gooch* is distinguishable from the instant case on its facts. In *Davis* the names of comakers were forged on a promissory note form of a bank, and this form was de-

livered to the bank uncompleted except for the forged signatures. The bank completed the form. The court held that the bank had authority to complete the form, that prior to such completion it was not without legal efficacy and that, therefore, the form was the proper subject of forgery.

█ █ The defendant has also submitted the following, citing the Negotiable Instruments Law:

1. The evidence did not show that the firm accepting the check endorsed it.

2. The check was not presented to the drawee bank.

3. A postdated check should be presented on the date of the check.

The crime of forgery under C.R.S. '53, 40-6-1, requires neither endorsement by the holder of the instrument nor presentment. It is sufficient for the People to show that the defendant knowingly passed a forged instrument with the intent to defraud. *Giron v. People,* 152 Colo. 143, 380 P.2d 905; *People v. McDonald,* 53 Colo. 265, 125 P. 114.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE HODGES concur.