# No. 26204

## The People of the State of Colorado v. Ronald Robert Hanson
(537 P.2d 739)

Decided June 23, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-appellant Hanson appeals his conviction under 1971 Perm. Supp., C.R.S. 1963, 40-4-401[1] for felony theft. We affirm.

The testimony at trial had revealed the following evidence: A used car salesman for the complaining car dealer testified that he discussed a possible sale of a Corvette with the defendant. Hanson asked if he could take the car for a demonstration ride. When the salesman went into the office to obtain permission, the defendant drove off. Another salesman notified the police. When returned, the car was damaged and cost about $1,900 to repair. At this point in the trial, counsel for both sides stipulated that the value of the car was over $100. Then the car lot owner was called and testified that he had invested $4,800 in the Corvette, but that it was worth much more on the retail market. He also stated, over defense objection, that it cost $1,800 to repair the automobile from damage caused by the defendant's driving.

After the People rested, the defense put on no evidence. The jury found the defendant guilty as charged.

Hanson argues that because the parties had stipulated that the car was worth over $100 any further testimony about damage and repair costs was irrelevant and immaterial to the charge of theft. He argues that its admission was prejudicial error and denied him a fair trial. We disagree.

■ The evidence may have been prejudicial, but was not inadmissible. The defendant caused the damage while driving the stolen vehicle. The testimony was all part of the circumstances surrounding the theft and Hanson's efforts to escape with the car. *Prior to* the stipulation a salesman had testified without objection that when the car was returned to the car lot it was damaged and required the extensive repairs, so the owner's testimony was at most cumulative.

■ Finally, to constitute reversible error, the objected-to testimony must have had a substantial influence on the verdict. *Bustamonte v. People*, 157 Colo. 146, 401 P.2d 597 (1965); *Mow v. People*, 31 Colo. 351, 72 P.1069 (1903). This was not a close case. The record reveals uncontroverted evidence to support the jury's verdict. Error, if any, was harmless.

Judgment affirmed.

MR. JUSTICE HODGES and MR. JUSTICE LEE do not participate.

---

[1]Now section 18-4-401, C.R.S. 1973.