## No. 25589

**The People of the State of Colorado v. Marvin Robert McClure, Jr.**

(545 P.2d 1038)

Decided February 9, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Walta, Cannon & Gaddis, J. Gregory Walta, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

This defendant was convicted of forgery by a jury and sentenced to the penitentiary. On this appeal, he urges reversal on the basis of several alleged errors. We affirm the judgment of the trial court.

The following are the relevant facts of this case as shown from the evidence. A man purporting to be Donald M. Jarrett, President of the Delta Construction Company, presented a $36,775 check to a new accounts teller at the Colorado Springs National Bank. The check was made by Amoco Production Company and payable to Delta Construction Company. The man endorsed the check "Donald M. Jarrett," as president of Delta Construction Company in the presence of the teller. This man was told by the teller that no blank checks would be issued to him for drawing on this account until an appropriate corporate resolution was received by the bank.

Several days thereafter, a young woman came to the Colorado Springs National Bank with a corporate resolution and sought to pick up blank checks on the new account. Prior to her arrival, it had been determined that the man who had presented this check was not, in fact, Donald M. Jarrett, president of Delta Construction Company. The young woman

was therefore arrested at the bank. She implicated the defendant. After being granted immunity, she testified as a prosecution witness that she was seventeen years of age and had been an employee of the defendant at Denver for one month. She stated that the defendant had driven her to Colorado Springs, gave her an envelope and instructed her to deliver it to the new accounts teller at the bank and to pick up blank checks on an account which he had just opened.

After the young woman was arrested in the bank, the defendant was, within a short time, arrested in the parking lot near the Colorado Springs National Bank. There was found in his car a deposit stamp for the Delta Construction Company and other items.

At trial, the new accounts teller and a senior vice president of the bank, who had conferred with this man, identified the defendant as the person who presented the check. The evidence also revealed that the defendant had access in Denver to the mail room utilized by Delta Construction Company.

The defendant testified that he was not the man who presented the check, and that he had never previously seen the items found in his car. He stated that he had driven the young woman from Denver to Colorado Springs and that when they arrived at the parking lot, both went their separate ways to conduct their own business activities.

The defendant was represented prior to and at trial by the public defender. On the trial date, the defendant moved the court for a continuance to give him an opportunity to retain private counsel. This request was denied. Present counsel was appointed by the court for the purpose of this appeal.

I.

The defendant asserts that the trial court improperly submitted the case to the jury because the evidence shows that the fraudulent scheme had not been completed and therefore he could be convicted only of attempted forgery and not forgery. The law is well established in Colorado that the crime of forgery is complete under these circumstances whether the fraudulent scheme is successful or not. *Gentry v. People*, 166 Colo. 60, 441 P.2d 675 (1968) and *Giron v. People,* 152 Colo. 143, 380 P.2d 905 (1963).

II.

Certain items found in the defendant's car at the time of his arrest were introduced into evidence. The defendant now claims that these items came into the possession of the police as the result of an illegal search of his vehicle. The defendant contends therefore that the trial court erred in admittting this evidence.

We note from the record that at no time prior to or during the trial did the defendant object or move for suppression of these items of evidence. This allegation of error is asserted for the first time on this appeal.

Because there was no suppression hearing or other exposition of the circumstances surrounding the arrest of this defendant, we are unable to make any determination on this allegation of error. If this involved plain error under Crim. P. 52(b), we would order a remand to the trial court for an evidentiary hearing as to the facts surrounding the defendant's arrest and a trial court finding as to whether or not the items obtained at the time of arrest should be suppressed.

However, we detect no basis in this record for holding that the admission of these items into evidence in this case constitutes plain error which this court should notice on its own motion. The items found in the defendant's car at the time of his arrest merely tended to corroborate other competent evidence which overwhelmingly established that this defendant was the person who appeared at the bank and forged the name of Donald M. Jarrett on the $36,775 check. *See People v. Thomas,* 189 Colo. 490, 542 P.2d 387 (1975); *People v. Hanson,* 189 Colo. 101, 537 P.2d 739 (1975); *Bustamonte v. People,* 157 Colo. 146, 401 P.2d 597 (1965); *Mow v. People*, 31 Colo. 351, 72 P. 1069 (1903).

## III.

The defendant next contends that the trial court erred in submitting the case to the jury because the evidence was wholly insufficient to establish that he was the man who forged the endorsement on the check at the bank. In other words, it is the defendant's position on this appeal that the trial court committed reversible error when it did not *sua sponte* direct a judgment of acquittal when the prosecution rested or at the conclusion of all the evidence.

It is fundamental law in this state that a trial judge may not direct a judgment of acquittal if the evidence, when viewed most favorably to the People, establishes a prima facie case of the defendant's guilt beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Our review of this record reveals that the People's evidence strongly and convincingly supported each element of the crime of forgery and the defendant's guilt beyond a reasonable doubt.

## IV.

The trial court's refusal to grant the defendant a continuance on the trial date is also asserted as a basis for reversal. The defendant claims that the trial court abused its discretion because under the facts here his Sixth Amendment rights were at stake in that he had a right to have the assistance of private counsel rather than the public defender.

The record reveals that the public defender was appointed by the trial court to represent the defendant pending a report relating to the defendant's indigency. Thereafter, at every appearance in court, the public defender represented the defendant. It is apparent therefore that the defendant's indigency had been shown to the satisfaction of the trial court and

the public defender. The record is silent as to any effort on the part of the defendant to retain private counsel until he made his motion for a continuance on the trial date.

During the pretrial proceedings, the trial court at the defendant's request granted a number of continuances. The trial date was then set for January 5, 1972. On that date, the trial was continued to March 6, 1972 on the defendant's motion. It was on this date that the trial court denied the defendant's motion for another continuance.

■ The defendant concedes that the granting or denial of a motion for a continuance is discretionary with the trial judge and that unless there is a clear abuse of discretion, the trial court's disposition of such a motion will not be overturned. The record in this case fails to reflect any basis whatsoever for a finding that the trial court abused its discretion in denying the defendant a continuance of the trial date.

## V.

■ The defendant requests this court to adjust his sentence by reducing it in accordance with 1971 Perm. Supp., C.R.S. 1963, 40-1-510.[1] This record not only reveals that the trial court on the defendant's motion reduced the sentence but that the governor has now commuted it to an even lesser sentence. We therefore deny this request.

## VI.

■ In addition to the brief filed by defendant's counsel, the defendant also filed a pro se brief. Primarily, this brief sets for the the defendant's claim of "lack of jurisdiction of the trial court" and "ineffective aid of counsel" in the trial court. After a recitation of a number of alleged improprieties by the trial court, and several instances which the defendant claims are proof of the ineffectiveness of his trial court counsel, he requests a new trial "where he can present his iron-clad meritorious defenses." The lack of jurisdiction claim is wholly without merit. As to the allegation of ineffective counsel, we have reviewed the record of this trial, and the record of the pretrial proceedings, and find nothing which could be deemed to be a reasonable basis for making this allegation. Against overwhelming evidence of guilt, the defendant's trial court counsel aggressively and expertly cross-examined the prosecution's witnesses. On the other hand, it is obvious from this record that the jury disbelieved the statements of denial made by the defendant in his testimony. There is no reason to believe from this record that any other counsel could have procured a different result.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.

---

[1] Now section 18-1-410, C.R.S. 1973.