**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donny Lee MUNIZ, Defendant-Appellant.**

**No. 79CA0127.**

Colorado Court of Appeals,
Div. III.

Sept. 25, 1980.

Rehearings Denied Oct. 23, 1980.

Certiorari Denied Dec. 22, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gerash & Springer, Scott H. Robinson, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Donny Lee Muniz, appeals his conviction of aggravated robbery, second degree kidnapping, and two counts of violent crime. We affirm.

The following facts are revealed by the record. At approximately 4:00 a. m. on February 14, 1978, an owner of the Bonfire Lounge, a Lakewood bar, was robbed by a masked man armed with a gun. The assailant forced the victim to drive him away in the victim's car, but later jumped out of the car and fled on foot when a police car approached.

A police officer who arrived at the scene about an hour later observed defendant's car parked in a parking lot a few blocks from the Bonfire. The driver's side of the vehicle was unlocked and a key was in the ignition. The police sealed the car and towed it to an impound lot. One week later police officials obtained a warrant authorizing a search of the vehicle for a handgun, for property taken from the bar, for clothing, and for papers or articles showing ownership of the vehicle. While executing that warrant an officer attempted to start the car to check out its electrical system. It started on the first turn of the key, and the electrical system operated satisfactorily.

A prosecution motion for discovery and inspection was granted prior to trial. Defendant then filed a notice of alibi defense

which stated that he was in the company of one Debora Berry at a park far distant from the Bonfire's parking lot from 3:00 to 5:00 a. m. on the morning in question. The notice also requested disclosure of prosecution witnesses who would rebut the alibi defense. Both the defense and the prosecution continued to endorse witnesses until the date of trial.

At trial, defendant, Berry, and Sandy Dunfee testified concerning defendant's activities on February 13 and February 14, 1978. Berry, Dunfee, and defendant testified that defendant was with Dunfee, Dunfee's uncle, and Berry in the Bonfire from around 11:30 p. m. or midnight until it closed at 2:00 a. m., at which time defendant and Berry left in defendant's car. Defendant and Berry testified that after leaving the bar they drove around, stopped at a park, and remained until 4:10 a. m., when defendant dropped Berry off at her home. Defendant testified that he then drove to a friend's apartment located near the Bonfire, that his friend did not answer the door, that he subsequently was unable to start his car, and that he then left his car at the parking lot and set off on foot.

Defendant also testified that his car had a history of sporadic failures to start. Defendant's father testified that the car had a defective electrical system prior to February 14, 1978, and that he had corrected the problem by replacing a part after the car was released from the police pound.

After defendant rested his case, the prosecution called Jody Miller to testify as a rebuttal witness. Defendant moved unsuccessfully to suppress her testimony because she had not been endorsed as a witness. Miller testified that defendant was with her until 1:00 a. m. on the morning of the robbery, and that he subsequently telephoned her from jail and told her not to "say anything" to anyone.

■ Defendant first contends that the prosecution failed to comply with the reciprocal disclosure provisions of Crim.P. 12.1 and 16(II)(c), and that, therefore, the trial court erred in permitting Jody Miller to testify. The prosecution contends that Mil-

ler's testimony was offered to impeach the credibility of defendant and defense witnesses Berry and Dunfee rather than as "rebuttal" to defendant's alibi defense, and that therefore defendant's reliance upon Crim.P. 12.1 and Crim.P. 16(II)(c) is misplaced. We agree with the prosecution's position.

Upon receipt of notice that a defendant intends to assert an "alibi" defense, a prosecuting attorney must:

"advise the defendant of the names and addresses of any additional witnesses who may be called to refute such alibi within a reasonable time after their identity becomes known." Crim.P. 12.1.

Crim.P. 16(II)(c) states as follows:

"Subject to constitutional limitations, the trial court may require that the prosecuting attorney be informed of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof. Upon receipt of the information required by this subsection (c), the prosecuting attorney shall notify defense counsel of any additional witnesses which he intends to call to rebut such defense within a reasonable time before trial after their identity becomes known."

■ The defense of alibi arises when a defendant claims that he was at another place at the time the crime charged was committed. *Wisdom v. People*, 11 Colo. 170, 17 P. 519 (1887); see *McGregor v. People*, 176 Colo. 309, 490 P.2d 287 (1971). Crim.P. 12.1 and Crim.P. 16 require disclosure where the prosecution intends to offer witnesses at trial to "rebut" or "refute" the alibi defense. To rebut means to "contradict, meet, or oppose by argument, plea or countervailing proof." *Webster's Second New International Dictionary* 2075. To refute means to "prove to be false or erroneous." *Webster's, supra*, at 2096. Thus, these rules require the prosecution to disclose witnesses who will testify that defendant was not where he claims to have been when the offense was committed.

A distinction may be drawn between rebuttal testimony which refutes alibi evidence and impeachment testimony which does not contradict alibi evidence but does attack the credibility of defense witnesses on matters collateral to the alibi defense. *See People v. Wilson*, 90 Mich.App. 317, 282 N.W.2d 2 (1979); *People v. Gillman*, 66 Mich.App. 419, 239 N.W.2d 396 (1976).

Here, defendant's notice informed the prosecution that his alibi defense involved the hours of 3:00 to 5:00 a. m. and that he was at a park far away from the Bonfire during those hours. This description provided no basis for the prosecution to assume prior to trial that Miller's testimony would be material to that alibi defense. Miller's testimony attacked the veracity of the testimony of defendant, Berry, and Dunfee concerning defendant's activities prior to 1:00 a. m.; it did not contradict defendant's alibi evidence that at 4:00 a. m. he was not in front of the Bonfire. We conclude that Miller's testimony did not rebut or refute defendant's alibi defense; thus, the disclosure requirements of Crim.P. 12.1 and Crim.P. 16 are not applicable.

■ The endorsement of prosecution witnesses not related to the defense of alibi is governed by Crim.P. 7(d). The allowance of late endorsements is within the sound discretion of the trial court. *People v. Bailey*, 191 Colo. 366, 552 P.2d 1014 (1976); *People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972). After determining that Miller's testimony was admissible as impeachment testimony, the trial court ordered a recess to allow defendant to interview Miller. In light of these facts, the trial court did not abuse its discretion in permitting Miller to testify.

■ In view of the foregoing conclusions, there is no merit to defendant's contention that the prosecution's conduct constituted prejudicial "gamesmanship," in violation of the principles of full disclosure embodied in the reciprocal discovery rules. The adversary system is indeed, as defendant states, a means to achieve the goals of ascertaining truth and achieving justice. *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). No party may treat it as an end in itself, to the prejudice of an opponent. *People v. Smith*, 185 Colo. 369, 524 P.2d 607 (1974). The prosecution's responses to defendant's alibi notice and to the testimony elicited by defendant at trial were appropriate to ensure the realization of those goals in this case.

Defendant finally contends that the trial court erred in failing to suppress testimony concerning the testing of the electrical system of his car. Defendant argues that such testing exceeded the scope of the search warrant which had been issued and that admission of that testimony was prejudicial to him. We find no prejudicial error.

■ Police officials executing a search warrant are limited by the terms of that warrant and may not conduct a general exploratory search not reasonably calculated to uncover the items specified in the warrant. *Hernandez v. People*, 153 Colo. 316, 385 P.2d 996 (1963). The warrant here did not authorize testing of the car's electrical system or seizure of any item related to the status of that system. The car was impounded, and the prosecution concedes that a second warrant authorizing the testing of the vehicle could have been obtained. The prosecution also concedes that the officer's conduct at the impound lot did not constitute an inventory search. *See People v. Lorio*, 190 Colo. 373, 546 P.2d 1254 (1976). Under these circumstances, we conclude that the starting of the car constituted an exploratory search unauthorized by the warrant obtained. Thus, the officer's testimony describing the fruits of his labor should have been suppressed.

■ However, admission of the fruits of an illegal search does not constitute a basis for reversing a jury determination of guilt when such evidence does not affect the substantial rights of a defendant. Crim.P. 52(a); *People v. McClure*, 190 Colo. 250, 545 P.2d 1038 (1976). Here, defendant, his father, and two other defense witnesses testified that defendant's car did start at some time on the date in question. Defendant and his father informed the jury that the

car's electrical system was in need of repair, but that on some occasions the car started. Hence, since the jury was informed of these facts by the defendant, the trial court's failure to suppress the officer's testimony was harmless error.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.