THE NATIONAL PARK BANK *vs.* LEVY BROTHERS & CO.

May 11, A. in Providence sent his check drawn on a Providence bank to B. in New York to pay a debt due from A. to B. May 12, B. indorsed the check, "For deposit to the credit of B.," and deposited it in his New York bank, which remitted it to a Providence correspondent. The check was sent to the Providence clearing-house May 13. B. by arrangement with his New York bank deposited out-of-town checks as cash, was credited with the amounts of them, and was allowed to draw against such credit.

In garnishment proceedings against A. by creditors of B.,

*Held*, that May 13 A. was not a debtor of B., but was a debtor of the New York bank.

ASSUMPSIT. On motion to charge the garnishees.

*June* 20, 1892. TILLINGHAST, J. This case is before the court on the question of the charging of Kimball Brothers as garnishees therein.

The facts in the case are substantially as follows, namely: The plaintiff, a creditor of said defendants, brought a suit against them, at the October Term, 1891, of this court, in which suit said Kimball Brothers were made garnishees. The service upon them was made on May 13, 1891. Two days previous thereto, to wit, on May 11, 1891, said Kimball Brothers, being indebted to the defendants in the sum of $1,290.14, sent by mail to the said defendants in New York a check drawn by said Kimball Brothers on the Commercial National Bank of Providence, payable to the order of said defendants. This check was received by the defendants on May 12, 1891, and by them indorsed and deposited with the Central National Bank of New York, which gave credit to the defendants therefor. Said check was indorsed as follows: " For deposit to the credit of Levy Bros. & Co." The Central National Bank, in accordance with the usual custom, sent said check to the Merchants' National Bank of Providence, its correspondent, by which bank it was sent to the clearing-house on May 13, 1891. Before said check had reached said Commercial National Bank, however, through the clearing-house, a copy of the writ in this case had been served on said Kimball Brothers, the garnishees, and they had in consequence thereof countermanded the same, and ordered the said Commercial National Bank not to accept or pay said check on presentation.

In accordance with said order, the payment of said check was stopped, and it was not paid until June 13, at which time the Central National Bank gave Kimball Brothers a bond of indemnity in consideration of said payment. At the time of the drawing of said check by said Kimball Brothers, and thereafterwards until it was paid as above stated, they had standing to their credit in said Commercial National Bank a sum more than sufficient to pay the same. The defendants suspended payment on or about the 13th day of May, 1891. For some time previous thereto, said defendant firm was a customer of said Central National Bank, and kept a general account therein. In the course of the business dealings of said bank with said firm, it was the custom of the bank, with the knowledge of said firm, to accept as deposits from them all out-of-town checks offered by them to said bank, and payable to the order of and indorsed by said firm, which in turn received credit

on the books of said bank for the amount of the checks so deposited, and said amounts were entered by said bank on the passbook of said firm as so much cash deposited by said firm, which was permitted to draw against the amount so credited, and that in accordance with said custom the check in question was received and credited as cash by said bank on the 12th day of May, 1891.

The affidavit of the garnishees sets forth that, at the time of the service upon them of a copy of the writ in this case, they had not in their hands or possession any of the personal estate of said Levy Brothers & Co., as the attorney, agent, factor, trustee, or debtor of the same. The interrogatories subsequently filed by the plaintiff elicited the other facts above set forth.

Upon this state of the facts, the plaintiff contends that the garnishees are chargeable for the amount of $1,290.14, upon the grounds, *first*, that the mere delivery of a check is not a payment of a debt, and that, in order to make it operate as a payment, the check must have been presented to and accepted by the bank on which it is drawn; *second*, that a check does not operate as an assignment of the fund against which it is drawn, unless it is drawn to cover a special and designated fund, and for the whole of that fund.

The garnishees contend, upon the other hand, that they are entitled to be discharged, because, at the time of the service of a copy of the writ upon them, the defendants had no cause of action against them, and that the attaching creditor takes only such rights against the garnishees as the principal defendant had against them at that time, citing *Perry & Barnard* v. *Thornton*, 7 R. I. 15; *Smith* v. *Millett*, 11 R. I. 528; *Carpenter* v. *Gay*, 12 R. I. 306; *Waldron* v. *Wilcox*, 13 R. I. 518; and *Ordway* v. *Remington*, 12 R. I. 319. It is further contended that, at the time of the service of a copy of the writ upon the garnishees, they were not indebted to the defendants, because, two days prior thereto, they had paid their debt by their negotiable cash check, which the defendants had accepted in payment, and passed off to the Central National Bank for full value, and hence that the garnishees were no longer the debtors of the defendants, but of the Central National Bank, the purchaser and holder of the check, and were liable to an action by that bank upon it; and while it remained outstanding in

the hands of that bank as its *bonâ fide* holder for value, the garnishees' debt to the defendants was at least contingent upon its payment to such holder, and they were not therefore subject to garnishment as the trustees of the defendants.

Mr. Morse, in his excellent Treatise on Banks and Banking, 3d ed. § 543, regarding the effect of a check as payment, states the rule as follows: "The presumption is, that a check is only intended as conditional payment, and if dishonored, and the holder is not guilty of *laches* causing loss to the drawer, the latter is liable upon the original cause, or debt for which the check was given. By agreement a check may be taken as absolute payment, and the drawer will then be liable only as an indorser, and not on the original debt. And a check is always so far payment until dishonored that after its delivery the drawer cannot be garnished as debtor of the payee in respect to the debt for which the check is given," citing *Cromwell & Wing* v. *Lovett*, 1 Hall, N. Y. 56. The same author further says, in § 545, that "a check given by a debtor in settlement of an account is so far payment as to discharge the drawer as trustee of the payee, service being made on him after giving the check, but before presentment; the check is payment *unless dishonored.*" To the same general effect, see *Getchell* v. *Chase*, 124 Mass. 366; *Wells* v. *Morrison*, 91 Ind. 51; *National Bank of America* v. *Indiana Banking Co.* 114 Ill. 483; *Pearce* v. *Davis*, 1 Mood. & Rob. 365; *Union National Bank* v. *Oceana National Bank*, 80 Ill. 212. While these authorities would seem to warrant us in holding that the garnishees in the case at bar are entitled to be discharged, yet we prefer to base our decision upon the ground that, at the time of the service of a copy of the writ upon them, they were not the debtors of the defendants, but of the Central National Bank, the purchaser and holder of the check in question.

The evidence shows that both the garnishees and the defendants treated and considered the giving and receiving of said check as payment of the debt in question. And the law doubtless is, that, where the parties so agree, a check may be given and received in absolute discharge of a debt; and that whether it was so given is a question of fact to be determined upon the evidence. *Blair & Hoge* v. *Wilson*, 28 Gratt. 165; *Springfield* v. *Green*, 7 Bax-

ter, Tenn. 301. The affidavit of the garnishees clearly shows that they considered the check as payment, and the conduct of the defendants in passing off the check as cash clearly shows that they so regarded it. Moreover, the check had passed beyond the control of the defendants, and had become the absolute property, for value, of the holder thereof, and hence no cause of action existed in favor of the defendants against the garnishees at the time of the service aforesaid. The transaction was equivalent to a discount by the bank of the negotiable paper of the defendants. Had said check been indorsed and turned over by the defendants for collection only, a different rule would obtain, and the question would then be simply whether, after the giving of a check and before its presentation to and acceptance by the drawee, the drawer could be held as garnishee of the payee. In such a case, the indorsee is merely the agent of the payee for the purposes of collection, while the ownership of the check remains in the payee thereof. See *Ayres* v. *The Farmers' & Merchants' Bank*, 79 Mo. 421. The case of *Metropolitan Nat. Bank of N. Y.* v. *Loyd*, 25 Hun, 101, was very similar to the one before us, in so far as the question of title to the check is concerned. It was there held " that where a check due at the time is indorsed in blank, and deposited by the payee upon general account in a bank with which such payee keeps an account, and is, with the payee's knowledge and without dissent on his part, credited in his bank-book as so much cash, the title to such check vests in the bank, whose only recourse against the depositor lies in his obligation as indorser." This case was subsequently affirmed by the Court of Appeals. See *Metropolitan Nat. Bank of N. Y.* v. *Loyd*, 90 N. Y. 530. See, also, *Barnard* v. *Graves*, 16 Pick. 41; *Brooks* v. *Bigelow*, 142 Mass. 6; *Hoffman* v. *First Nat. Bank of Jersey City*, 46 N. J. Law, 604; *First Nat. Bank of Elkhart* v. *Armstrong*, 39 Federal Reporter, 231.

The cases cited by the plaintiff in support of his contention are mainly to the effect that the mere delivery of a check is not a payment of a debt, and that the right of a depositor is a *chose* in action, and his check does not transfer the debt or give a lien upon it to a third person without the assent of the depositary. See *Strain* v. *Gourdin*, 11 Nat. Bankruptcy Reg. 156; *Bank of the Republic* v. *Millard*, 10 Wall. 152; *Cohen* v. *Hale*, L. R. 3 Q. B. Div. 371.

These cases are not analogous to the case at bar, in that the title to the checks therein considered remained in the original payees thereof, whereas in this case, as we have already found, the title to the check had passed to a third party for value before service of the trustee process. But see remarks of Cockburn, C. J., in the last-named case, as to the effect of stopping payment of the check as bearing upon their liability.

Having found, therefore, that the garnishees were not indebted to the defendants at the time of the service upon them as aforesaid, it becomes unnecessary to consider the other points taken by the counsel for the plaintiff.

The garnishees are entitled to be discharged.

*Benjamin W. Smith,* for plaintiff.

*James Tillinghast,* for garnishees.