[No. 6124. Decided February 13, 1907.]

ENOK LARSEN, *a Minor, by His Guardian Ad Litem, Martin J. Lund, Appellant*, v. ALLAN LINE STEAMSHIP COMPANY, LIMITED, *Defendant*, CHILBERG STEAMSHIP AGENCY, *Respondent*.[1]

GARNISHMENT—PROPERTY SUBJECT—ADVANCE PAYMENTS BY CHECK. Where a judgment debtor, a foreign steamship company, in order to evade the jurisdiction of the courts of this state, exacted from its ticket broker in this state a cash deposit to pay in advance for transportation to be thereafter furnished on sales by the broker, checks of the broker for $10,000, given and accepted as cash, extinguish the liability of the broker to the steamship company for transportation thereafter sold from time to time, although the broker was charged with the sales as reported and the checks were presented from time to time as reports of sales were made; accordingly, upon garnishment of the broker, the garnishee is properly found not indebted to the judgment debtor, the only liability being by reason of the checks; nor was the garnishee under obligation to stop payment of the checks after service of the writ.

SAME—FRAUD—CONSPIRACY. In such a case the garnishee should not be held liable on the ground of entering into a conspiracy to defraud the judgment creditor, where it appears that the garnishee simply submitted to terms and conditions imposed by the judgment debtor.

Appeal from a judgment of the superior court for King county, Yakey, J., entered November 6, 1905, upon findings in favor of the garnishee, after a trial on the merits before the court without a jury, in a garnishment proceeding. Affirmed.

*Vince H. Fabin* and *Martin J. Lund*, for appellant. Under the evidence the checks did not constitute payment until cashed. *People v. Baker*, 20 Wend. 602; *Smith v. Miller*, 43 N. Y. 171, 3 Am. Rep. 690; *Small v. Franklin Min. Co.*, 99 Mass. 277; *Heartt v. Rhodes*, 66 Ill. 351; *Blair & Hoge*

[1]Reported in 88 Pac. 753.

*v. Wilson*, 28 Gratt. 165; *Marett v. Brackett*, 60 Me. 524; *Dennie v. Hart*, 2 Pick. 204; *Henry v. Conley*, 48 Ark. 267, 3 S. W. 181; *Canonsburg R. Co. v. Union Nat. Bank* (Pa. St.), 6 Atl. 574; *Strong v. King*, 35 Ill. 9; *Cooney v. United States Wringer Co.*, 101 Ill. App. 468; 3 Am. & Eng. Ency. Law (1st ed.), 218; 22 Am. & Eng. Ency. Law (2d ed.), 569; *Goodall v. Norton*, 88 Minn. 1, 92 N. W. 455; *Curle v. Jones*, 18 Ky. Law 785, 38 S. W. 677; *Young v. Kellar*, 94 Mo. 581, 7 S. W. 293, 4 Am. St. 406; *Binkley v. Clay*, 112 Ill. App. 332. If the checks constitute payment, the payment was void for the reason that its express and avowed object was to defraud defendant's creditors. *Kohn v. Fishbach, supra; Dinkins v. Crunden-Martin Woodenware Co.*, 99 Mo. App. 310, 73 S. W. 246; *Liddle v. Allen*, 90 Iowa 738, 57 N. W. 603; *Gillespie v. Allen*, 37 W. Va. 675, 17 S. E. 184; *Kenosha Stove Co. v. Shedd*, 82 Iowa 540, 48 N. W. 933; *Mercer v. Andrews*, 2 La. 543; *Fennessy v. Gansoulin*, 11 La. 419, 30 Am. Dec. 720; *Glenn v. Randall*, 2 Md. Ch. 202; *Singer Baer & Co. v. Jacobs*, 11 Fed. 559; *Collinson v. Jackson*, 14 Fed. 305; *Herman v. McKinney*, 47 Fed. 758; *Crawford v. Kirksey*, 55 Ala. 282, 28 Am. Rep. 704; *Smith v. Wellborn*, 75 Ga. 799; *Gregory v. Harrington*, 33 Vt. 241; *O'Hare v. Duckworth*, 4 Wash. 470, 30 Pac. 724. Garnishment is an appropriate remedy. *Millar & Co. v. Plass*, 11 Wash. 237, 39 Pac. 956; *Perego v. Bonesteel*, Fed. Cas. No. 10,977; *Hastings v. Baldwin*, 17 Mass. 551. The advance payment of $10,000 April 12th was fraudulent, and the garnishee participated in the fraud. *Bartles v. Gibson*, 17 Fed. 293; *Jordan v. Collins*, 107 Ala. 572, 18 South. 137; *Martin v. Marshall*, 54 Kan. 147, 37 Pac. 977; *Salomon v. Moral*, 53 How. Prac. 342; *Louisiana Sugar Ref. Co. v. Harrison*, 9 Tex. Civ. App. 141, 29 S. W. 500; *Bowyer v. Martin*, 27 W. Va. 442; *Beels v. Flynn*, 28 Neb. 575, 44 N. W. 732, 26 Am. St. 351. When the writ was served it was the duty of the garnishee to stop payment of the checks.

*Arnholt v. Hartwig,* 73 Mo. 485; *Dougherty v. Cooper,* 77 Mo. 528; *Young v. Kellar,* 94 Mo. 581, 7 S. W. 293, 4 Am. St. 406.

*Ballinger, Ronald, Battle & Tennant,* for respondent, *inter alia,* contended, that one is not liable to garnishment if he has paid his debt by check. Waples, Attachment and Garnishment (2d ed.), § 364; *Getchell v. Chase,* 124 Mass. 366; *National Park Bank v. Levy,* 17 R. I. 746, 24 Atl. 777; Morse, Banks and Banking (3d ed.), §§ 543, 545; Negotiable Instrument Law, Laws 1899, p. 340, § 61. The garnishee was not obligated to stop payment of the checks. *La Fayette County Monument Corp. v. Magoon,* 73 Wis. 627, 42 N. W. 17, 3 L. R. A. 761; *Sutton v. Baldwin,* 146 Ind. 361, 45 N. E. 518; *Equitable Nat. Bank v. Griffin & Skelley Co.,* 113 Cal. 692, 45 Pac. 985. Payment depends upon the intention of the parties. *Walsh v. Cooper,* 10 Wash. 513, 39 Pac. 127; *Boston Nat. Bank v. Jose,* 10 Wash. 185, 38 Pac. 1026; *Megrath v. Gilmore,* 10 Wash. 339, 39 Pac. 131; *Edmunds v. Black,* 15 Wash. 73, 45 Pac. 639; *Edgerton v. West,* 43 Fla. 133, 30 South. 797. Receipt of these checks in payment from choice is evidence of absolute payment, and extinguishes the debt. *Cleveland v. Pearl,* 63 Vt. 127, 21 Atl. 261, 25 Am. St. 748; *Tayloe v. Merchants' Fire Ins. Co.,* 9 How. 390, 13 L. Ed. 187; *Sutton v. Baldwin,* 146 Ind. 361, 45 N. E. 518; *Bailey v. Pardridge,* 134 Ill. 188, 27 N. E. 89; *La Fayette County Monument Corp. v. Magoon* and *Equitable Nat. Bank v. Griffin & Skelley Co., supra; Kempner v. Galveston County,* 73 Tex. 216, 11 S. W. 188; *Kirkpatrick v. Puryear,* 93 Tenn. 409, 24 S. W. 1130, 22 L. R. A. 785. The checks amounted to an equitable assignment, *pro tanto,* between drawer and payee. *German Savings Inst. v. Adae,* 8 Fed. 106; *First Nat. Bank v. Coates,* 8 Fed. 540; *Falls City State Bank v. Wehrli,* 68 Neb. 75, 93 N. W. 994, *National Bank v. National Bank,* 7 W. Va. 544; *Fogarties & Stillman v. State Bank,* 12 Rich. L. (S. C.) 518; *Dillman v. Carlin,*

2 Bank Cas. 89; *Fonner v. Smith*, 31 Neb. 107, 28 Am. St. 510, 11 L. R. A. 528; *Columbia Nat. Bank v. German Nat. Bank*, 56 Neb. 803, 77 N. W. 346; *Merchants' Bank v. State Bank*, 10 Wall. 604, 19 L. Ed. 1008; *Munn v. Burch*, 25 Ill. 35; *Herndon v. Louisville Banking Co.*, 10 Ky. Law 584; *Simmons Hardware Co. v. Bank of Greenwood*, 41 S. C. 177, 19 S. E. 502; *First Nat. Bank v. Randall*, 1 Tex. Civ. Cases, § 975; *McGrade v. German Sav. Inst.*, 4 Mo. App. 330; *Union Nat. Bank v. Oceana County Bank*, 80 Ill. 212, 22 Am. Rep. 185; *Ridgely Nat. Bank v. Patton & Hamilton*, 109 Ill. 479; *Vanbibber v. Bank of Louisiana*, 14 La. Ann. 481; *Gordon v. Muchler*, 34 La. Ann. 604; *Roberts v. Corbin & Co.*, 26 Iowa 315, 96 Am. Dec. 146; *Weinstock v. Bellwood*, 12 Bush. 140; *Brown v. Schintz*, 202 Ill. 509, 67 N. E. 172; *Gardner v. National City Bank*, 39 Ohio St. 600; *Burn v. Carvalho*, 4 Myl. & Cy. 690; *Rodick v. Gandell*, 1 D. M. & G. 763; *Lester & Co. v. Given, Jones & Co.*, 8 Bush. (Ky.) 357; *Pease v. Landauer*, 63 Wis. 20, 53 Am. Rep. 247.

RUDKIN, J.—On the 20th day of February, 1904, the plaintiff recovered judgment against the Allan Line Steamship Company, Limited, in the superior court of King county for the sum of $6,600 and costs of suit. On the 8th day of May, 1905, he filed an affidavit for a writ of garnishment, averring that the judgment remained wholly unsatisfied, and that he believed that the Chilberg Steamship Agency, a corporation, was indebted to the defendant, and had in its possession and under its control personal property and effects belonging to the defendant. The writ issued as prayed, and on the 29th day of June, 1905, the garnishee made answer, denying that it was indebted to the defendant or had in its possession or under its control personal property or effects belonging to the defendant, at the date of the service of the writ, or at the date of the answer, or at any time between these dates. The plaintiff filed a further affidavit controverting the answer of the garnishee, and upon these issues

a trial was had. The court found the facts in favor of the garnishee and entered judgment accordingly. From this judgment the plaintiff has appealed.

The testimony is brief, and there is little or no controversy over the material facts. The respondent is a corporation engaged in a general ship brokerage business in the city of Seattle, and among other things, sells or gives orders for railway and steamship transportation to all parts of the world. It had arrangements with Allan & Co., of Chicago, general western agents of the Allan Line Steamship Company, whereby it was authorized to sell or give orders for transportation over the Allan Line and the various railroads handled through the offices of Allan & Co. The business was conducted in this way: The respondent received the money for the transportation and gave or forwarded to the intending passenger a certificate or receipt which could be exchanged for a ticket on application to the proper officer of the transportation companies at the commencement of the journey. A second receipt was given to the purchaser, if a person other than the passenger, and a third paper styled "Agent's advice" was transmitted to Allan & Co. at Chicago. The money received for the transportation, less the respondent's commissions, was also remitted to Allan & Co.

During the winter of 1904 and 1905, while the principal action was pending in this court on appeal, Allan & Co. informed Mr. Chilberg, representing the respondent, that they would not permit any money or property belonging to Allan & Co. or to the Allan Line Steamship Company, Limited, to become subject to the jurisdiction of the courts of this state, and that no further orders for transportation would be honored, unless the cash to pay for such transportation was deposited with Allan & Co. in advance; that unless the respondent could arrange to maintain a cash deposit of $10,000, and at no time less than $5,000 with Allan & Co. no further orders for transportation would be received or hon-

ored. The respondent was compelled to submit to these terms or cease to do business through Allan & Co.; and to satisfy the demands of the latter in this regard, on or about the first day of February, 1905, the respondent forwarded to Allan & Co. its checks on the Scandinavian American Bank of Seattle in the sum of $10,000, payable to the order of Allan & Co., and arranged with the bank to cash the checks when presented, the officers of the respondent personally guaranteeing any overdraft. On the 20th day of April, 1905, similar checks in a like amount were forwarded. The amount represented by these checks was carried as cash on the books of both the respondent and Allan & Co., and whenever a report of sales of transportation was received by Allan & Co., the amount of the sales was charged against the respondent, and the respondent's checks were cashed from time to time as these reports came in. If the amount of these several checks be treated as cash in the hands of Allan & Co., they were indebted to the respondent in a considerable amount at all times between the date of the service of the writ of garnishment and the date of filing the respondent's answer. If, on the other hand, these checks be disregarded, the respondent had a considerable sum in its possession belonging to Allan & Co. at the date of the service of the writ, and perhaps a sufficient amount at the date of the answer to satisfy the appellant's judgment.

The appellant contends that the checks above referred to were a mere subterfuge and should be entirely ignored, and that the respondent should be held in any event because it conspired with the defendant in the principal action to defraud the appellant. We do not think that either of these contentions finds support in the record. It will scarcely be denied that Allan & Co. had a right to refuse to receive or honor orders for transportation given by the respondent unless such transportation was paid for in advance, or that it was unlawful for the respondent to make payment in that

way. Whatever the presumption of law may be where a check is given in payment of a debt without any agreement on the subject, the authorities are substantially agreed that where a check is given and accepted as payment the original liability for which the check was given is extinguished, and the only right of action for nonpayment is on the check. The checks in question were given and accepted by Allan & Co. as cash, in payment for transportation to be thereafter furnished and were treated as such, and the only liability on the part of the respondent to Allan & Co. at any stage of the garnishment proceedings was by reason of these checks. Nor was the respondent under any obligation to stop payment on the checks after the service of the writ of garnishment. *Getchell v. Chase*, 124 Mass. 366; *National Park Bank v. Levy*, 17 R. I. 746, 24 Atl. 777; Waples, Attachment and Garnishment (2d ed.), § 364; Morse, Banks and Banking (3d ed.), §§ 543-545.

On the other question discussed by the appellant, while extracts from letters written by officers and employees of the respondent give color to the charge of conspiracy, yet when the record is considered as a whole, it is apparent that the respondent simply submitted to the terms and conditions imposed by Allan & Co., and in so doing violated no legal right of the appellant. The conduct of the principal defendant in attempting to avoid the satisfaction of this judgment is not commendable, but the respondent is neither responsible for its shortcomings nor chargeable with its delinquencies.

The judgment of the court below is therefore affirmed.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.

ROOT and CROW, JJ., took no part.