MOREAU RIVER STATE BANK, Appellant, v. JAPINGA, (Brown, Garnishee) Respondent.

(158 N. W. 786.)

(File No. 3918.    Opinion filed July 10, 1916.    Rehearing denied August 31, 1916.)

1.  Garnishment—Purchase Price, Cash Sale, Whether Subject to— Sale Contingent Upon Delivery of Deed.

    A garnishment summons, served upon a subsequent grantee of realty under a contract of purchase under which grantee's liability for purchase price was contingent upon the delivery of the title deed, is unavailing, where such service was made before delivery of the deed; there having been no absolute liability from grantee to creditor at time of such service, and no continuing liability having existed after such delivery.

2.  Garnishment, Property Subject to—Overpayment of Purchase Money by Checks—Subsequent Corrective Check After Garnishment.

    Where, under a sale of realty for cash, grantee, in making payment by checks, overpaid grantor, and on the day of such payment made his disclosure as garnishee to plaintiff denying

indebtedness to the main defendant, and soon afterwards discovered that he had overpaid grantor and stopped payment of one of the checks, and several days thereafter gave grantor another check for the actual balance of purchase price, **held,** that such garnishment was unavailing; no indebtedness to grantor having existed prior to and at time of said disclosure; that the delivery of a check in payment leaves no liability subject to garnishment process. Whether the stopping of payment of said check gave rise to a liability subject to garnishment, not decided; the time of such stoppage not appearing of record.

McCoy, J., and Smith, J., concurring specially.

Appeal from Circuit Court, Walworth County. Hon. JOSEPH H. BOTTUM, Judge.

Garnishment proceedings by the Moreau River State Bank, against A. M. Japinga, defendant, and A. H. Brown, garnishee. From a judgment in favor of garnishee, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Carpenter & Morrison,* and *H. G. Fuller,* for Appellant.

*W. M. Potts,* for Respondent.

(1) To point one of the opinion, Appellant cited: Laws 1909, Ch. 156, Secs. 17, 6, 8, 9; Lockett v. Beaver, (Tenn.) 37 S. W. 140; Davis v. King, (Tenn.) 56 S. W. 1041; Hanover Fire Ins. Co. v. Connor, 20 Ill. App. 308; Seymour v. Cooper, 25 Vt. 139.

(2) Under point two of the opinion, Respondent submitted that: The sale was a cash sale; and no garnishment summons could hold the property. But, if not a cash sale, still there could be no liability, for under the laws of this state, and under the common law, a levy in garnishment binds only such debts as are in the hands of the garnishee defendant, or was due and owing, at the date of the service of the garnishment summons; and cited: Laws 1909, Ch. 156, Secs. 8, 17; Sections 7574 and 7583, N. D. Compiled Laws, 1913; 20 Cyc. 983; 14 American & English Encyclopædia of Law, 835; Streator v. Gleason, (Iowa) 95 N. W. 242.

WHITING, J. Appeal from a judgment in favor of a garnishee and from an order denying a new trial.

It is the contention of appellant that respondent became indebted to the main defendant through the purchase from him of certain real estate, and that such indebtedness was reached by

the garnishee process herein. The trial court found that the real estate deal was a cash transaction in which full payment was made upon receipt of deed. Appellant concedes that, if this were true, there never arose any liability of the grantee to the grantor that could be reached by garnishee process.

[1] But appellant contends that a contract for the sale of the real property was entered into several days prior to the service of the garnishment summons; that the deal was not consummated by a payment of the contract price until after service of such summons; and that therefore respondent became liable as garnishee to the amount unpaid on such contract at the time such summons was served. There is no merit in this contention, because, if the trial court was in error in finding that this real estate deal was entered into and consummated at one time—and we do not think the court was in error in so holding—yet it is clear that there was no time, prior to the delivery of the deed, when there was any absolute liability existing from the grantee to the grantor; the grantee's liability, if any, was contingent upon the giving of the deed, and therefore was not subject to be reached by garnishment unless it continued after the deed was delivered. 20 Cyc. 1007; Nat. Rev. Bk. v. Bay State, etc., 67 N. H. 371, 40 Atl. 255; Briggs v. McEwen, 77 Iowa, 303, 42 N. W. 303.

[2, 3] Appellant further contends that respondent was liable owing to the following facts: Upon delivery to him of the deed to the real estate, respondent gave his grantor certain checks in payment therefor. The deed was delivered and these checks given on the same day that respondent made his disclosure denying indebtedness to the main defendant and but a day or two before such disclosure was served on appellant. After the giving of these checks—the exact time not appearing—respondent discovered that he had overpaid his grantor and stopped payment on one of the checks. Several days after service of respondent's disclosure, he gave to his grantor another check for the balance of the purchase price. Appellant contends that, prior to and at the time of the disclosure, there existed an indebtedness for the amount of this check. In this appellant is clearly in error. The delivery of a check in payment of property leaves no liability subject to be reached by garnishee process. As stated in Morse on Banks and Banking (3d Ed.) § 543:

"A check is always so far payment until dishonored, that, after its delivery, the drawer cannot be garnisheed as debtor of the payee in respect to the debt for which the check is given."

See, also, Larsen v. Allan Line Steamship Co., 45 Wash. 406, 88 Pac. 753, 9 L. R. A. (N. S.) 1258, 122 Am. St. Rep. 926; National Park Bk. v. Levy Bros. & Co., 17 R. I. 746, 24 Atl. 777, 19 L. R. A. 475; 12 R. C. L. 835. It is unnecessary for us to determine whether, after payment of the erroneous check had been stopped, there arose, from the act of stopping such payment, a liability from respondent to his grantor that would be subject to garnishment, because there was no evidence to show when such payment was stopped. Instead of there being a liability from respondent to his grantor subject to garnishment, there was, in fact, up to the time when payment of the check was stopped, a liability from such grantor to respondent for the amount of the overpayment.

The judgment and order appealed from are affirmed.

McCOY, J. (concurring specially.) Defendant was indebted to appellant. Appellant brought suit and caused garnishee proceedings to be issued and served on respondent. Defendant sold an interest in hotel to respondent for cash. Respondent in paying the consideration for the hotel overpaid defendant. Defendant subsequently paid back to respondent the amount of the overpayment. Was there anything in respondent's hands after the completion of the cash transaction, as it originally took place, that was the subject of garnishment? I think not, as the indebtedness was the other way; by the transaction of the overpayment defendant became indebted to respondent. If there had been a shortage in the payment of the consideration for the hotel that remained unpaid at the time of the return on the garnishee procedure, I am not so sure but what there might have been a debt owing from Brown to Japinga that would have been the subject of garnishment; but the amount of the overpayment by Brown to defendant could not be the subject of garnishment in favor of appellant. On this ground I am of the view that the judgment appealed from should be affirmed.

SMITH, J., concurs.