**KERR FURNITURE CO. v. AMERICAN RAILWAY EXPRESS CO.**

No. 19487.  Opinion Filed Oct. 28, 1930.

Tom G. Haile, for plaintiff in error.

Monk & McSherry, for defendant in error.

HERR, C. On September 21; 1927, the Kerr Furniture Company recovered judgment against the United States Factories of Chicago in the sum of $200 before a justice of the peace of the city of McAlester. In that action, the American Railway Express Company, defendant in this action, was garnisheed. It answered that it was not indebted to the defendant. Plaintiff took issue with this answer and a hearing was had before the justice of the peace, resulting in a finding that garnishee, defendant herein, was indebted to the United States Factories in the sum of $100, and an order was made and entered directing it to pay said amount into court for the use and benefit of plaintiff. This order was not complied with and suit was thereafter brought in the justice court by plaintiff against garnishee, on this order, the trial resulting in judgment in favor of plaintiff. The express company appealed to the district court. Judgment was there rendered in its favor on demurrer to plaintiff's evidence. Plaintiff appeals to this court.

The facts are that, on August 15, 1927, plaintiff received from the United States Factories a C. O. D. express shipment through the American Railway Express Company, defendant herein, in the sum of $100. This shipment was taken up by the plaintiff and the amount due thereon paid the express company. On examination of the shipment, plaintiff refused to accept the same, contending that the goods shipped did not correspond with the order. Suit was then filed by it, as above detailed, against the United States Factories of Chicago, and defendant herein was garnisheed.

It is admitted that prior to the service of the summons upon it, the express company had procured an express money order payable to the United States Factories, inclosed the same in an envelope properly addressed, and deposited the same in the United States mails at McAlester, Okla., postage prepaid, that the letter at that time had not left said post office. The trial court held this, as against plaintiff, constituted payment to the United States Factories.

It is contended by plaintiff that the title to the money order remained in defendant until it was received and accepted by plaintiff as payment; that the deposit thereof in the United States mail was not a delivery of the money order to the payee, but that the same was still under the control of defendant, and that, upon service of the garnishment summons upon it, the duty devolved upon it to withdraw the same from the mails. It is stipulated and agreed by the parties that, under postal regulations, defendant had the right to withdraw the letter containing the money order from the United States mail at any time before delivery to the addressee.

The rule here applicable, we think, is correctly stated in the case of Watt-Harley-Holmes Hdw. Co. v. Day (Ga. App.) 57 S. E. 1033. It is there held:

"Where a debtor sends by mail a check to pay a debt, the title to the check remains in the sender until it is received by the creditor, unless the creditor instructs the debtor to send a check by mail in settlement of the debt. In the latter case, the title to the check vests in the creditor or payee when the check is placed in the mail according to his instructions."

This case further holds that where payment is made by mail without directions from the creditor, the title to the fund remains in the debtor until delivery is made to the creditor, and, if the debtor is garnisheed in the meantime, it is his duty to withdraw the same from the mail.

In the body of the above opinion, at page 1034, the court says that:

"If, therefore, the party to whom the check in this case was sent directed the sender to send it to her by mail, it became her property the moment it was deposited in the post office, properly addressed and stamped, and the sender had no legal right to withdraw it from the post office; or if the payee had agreed to accept the check in payment of a debt which the drawer owed her, after the check had been properly mailed the debt represented by it was not subject to garnishment, and the drawer of the check could properly answer that he

did not owe the debt at the date of the service of summons upon him. None of these facts were shown in this case; but it appeared that the sender of the check, at the time of the service of the summons, still had title to the check, and the letter containing it was still subject to his control."

In the case at bar, defendant express company was directed by the shipper to remit the proceeds by mail. The shipper attached to his shipment an envelope bearing its address with a notation on the reverse side thereof directing the express company to use the same in remitting the proceeds. This undoubtedly constitutes a direction to defendant to remit by mail. Therefore, the deposit of this envelope, with the money order enclosed, in the post office, postage prepaid, constituted a delivery of the same to the United States Factories, and defendant could not, therefore, be garnisheed for the debt for which it was given.

It is, however, argued that the mailing of this money order did not constitute payment. While it is true that, as between defendant and shipper, the same did not constitute absolute payment until the money order was duly presented and honored, it was so far payment that, after its delivery to the creditor by deposit in the United States mail, until dishonor, garnishment would not lie against the debtor.

In the case of American Exchange National Bank v. Superior Court of California (Cal. App.) 154 Pac. 279, it is said:

"A check is so far payment that until dishonor the drawer cannot be garnisheed as a debtor of the payee in respect to the debt for which it is given."

See, also, American Agricultural Chemical Co. v. Scrimeger (Md.) 100 Atl. 774; Getchell v. Chase, 124 Mass. 366.

In our opinion, plaintiff cannot question the medium of payment. If the shipper were satisfied to accept the money order as a medium of payment, plaintiff cannot be heard to complain.

The argument advanced that the evidence favorable to defendant cannot be considered upon demurrer because elicited on cross-examination over plaintiff's objection, is without merit, as the main facts were stipulated by the parties at the trial.

Judgment should be affirmed.

BENNETT, REID, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.