## RIEGERT v MAUNTEL

Ohio Appeals, 1st Dist, Hamilton Co

No 4144. Decided Dec 19, 1932

Strother, Greenberg & Schubert, Cincinnati, for plaintiff in error.

Charles L. Heckel Cincinnati, and Franks & Franks, Cincinnati, for defendant in error.

HAMILTON, J.

Mauntel prosecuted error to the Court of Common Pleas, which court reversed the judgment of the Municipal Court, finding the garnishment ineffective, and remanded the case to the Municipal Court. From that judgment of reversal of the Court of Common Pleas, Riegert, plaintiff in error, prosecutes error to this court, seeking a reversal of the judgment of the Court of Common Pleas and an affirmance of the judgment of the Municipal Court.

The facts necessary to determine the question involved are set forth in an agreed statement of facts filed in the case and made a part of the bill of exceptions. The agreed statement of facts is as follows:

"(1) August 1, 1931—$878.42 was owing by garnishee The John Hancock Mutual Life Insurance Co. to Aloysius B. Mauntel judgment debtor herein; on

(2) August 4, 1931, check No. B-130049 was issued by garnishee; and on

(3) August 6, 1931 said check was delivered by garnishee to judgment debtor; on

(4) August 20, 1931, at request of plaintiff payment was stopped; on

(5) August 28, 1931, plaintiff who had possession of said check, delivered the same to The John Hancock Mutual Life Insurance Company, in open court; on

(6) August 28, 1931 check was filed as exhibit in this case, by plaintiff; on

(7) Aug. 28, 1931 check withdrawn by attorney for garnishee.

(8) From Aug. 28, 1931 to date check was in possession of The John Hancock Mutual Life Insurance Co. subject to the control of this court, as such exhibit; on

(9) Sept. 11, 1931 this proceeding in aid was served on the garnishee.

(10) Said check was never endorsed or negotiated by garnishee nor by judgment debtor."

The claim on behalf of Mauntel is that the issuance of the check to him and the receipt by him, against ample funds constituted an absolute payment of the debt, and that after the defendant in error accepted the check in payment of his claim and before he cashed it the garnishment proceedings were ineffective. The main case relied upon is that of Henry Gildehaus Company v The John Hancock Mutual Life Insurance Co., 25 O.N.P. n.s. 531, (7C.C. n.s. 303). The holding in that case was:

"The drawing of a check against an ample bank account and its delivery, acceptance and indorsement by the drawee constitutes an absolute payment, and a garnishee process served on the drawer during the interval between the acceptance and collection is ineffective."

It can be readily seen that this case does not apply to the facts as set forth in the agreed statement of facts, and supplemented by the oral testimony of Mauntel and the garnishee. It may be that acceptance and indorsement by the drawee constituted a payment of the debt, but in the case under consideration there was no indorsement by the drawee, and there was but inferential acceptance, and payment on the check was stopped.

In the case under consideration the drawer of the check, the garnishee, stopped payment on the check, which was never indorsed by any third person. Certainly had the check passed into the hands of a third person, Mauntel would have no claim on the company. Payment of the check having been stopped by the drawer, Mauntel's legal right would be to bring an action against the drawer to recover the amount of the check, the check being evidence of the debt. The fact that payment was stopped at the request of Riegert can not affect the legal status. Whatever may have been the reason, it was evidently sufficient to satisfy the garnishee, Insurance Company, for it did stop payment on the check.

No case has been cited directly in point.

It is the law that a check is not a transfer of the fund except in the case of a special fund and a transfer of the whole. There is no question of special fund in this case.

There is a short discussion of the question in the notes in L.R.A., 19, pages 475 and 476. In the case of Cohen v Hale, L.R., 3 Q.B., 372, it is held that if the garnishee stops payment of the check after he is served he may be held to answer for the debt. This pronouncement would be to the effect that the relation of debtor and creditor still exists between the drawer and payee.

Mauntel testified that he received the check August 6th, and put it in the right

hand side of the cash register, under some papers, at his home; that he missed the check the next morning, got disgusted, and did nothing about it. He was asked the question, on cross-examination, if The John Hancock Mutual Life Insurance Company owed him any money? His answer was "Yes." He was asked, "How much?" His answer was $898.42. He was asked if it was indebted to him in that sum now, and his answer was "yes."

The answer of the Insurance Company is as stated heretofore in the answer, except for the further testimony that the check has been returned to the Company.

Our conclusion is that the Insurance Company, garnishee, is a debtor of Mauntel, and has in its hands the sum found by the Municipal Court, and that the sum was subject to garnishment at the time. It follows that the judgment of the Court of Common Pleas, reversing the judgment of the Municipal Court should be reversed and the judgment of the Municipal Court affirmed.

ROSS, PJ, and CUSHING, J, concur.