No. 46,426

Betty J. McCreery, *Appellee,* v. Wayne McCreery, a/k/a Kermit W. McCreery, and Curran & Co. (Garnishee), *Appellant.*

(499 P. 2d 1118)

filed July 19, 1972. Opinion

*Bruce W. Kent,* of Ryan & Kent, of Norton, argued the cause and was on the brief for the appellant.

*William H. Stowell,* of Phillipsburg, argued the cause, and *Doris D. Stowell,* also of Phillipsburg, was with him on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an action to enforce payment of an alimony and child support judgment. The plaintiff obtained a judgment against the defendant garnishee by reason of its failure to file an answer and its failure to withhold payment of wages to defendant, contrary to the order of garnishment. The defendant garnishee appeals.

In March of 1969, in connection with a divorce decree, judgment was entered for alimony and child support against the defendant McCreery. In November of 1970 a garnishment order with the statutory form of answer was served on the garnishee Curran & Co. through its resident agent in Kansas. Using the statutory form, the garnishee filed its answer in the following manner:

100 

"ANSWER OF GARNISHEE

COLORADO
"STATE OF ~~KANSAS,~~ COUNTY OF ARAPAHOE, SS:

"Curran & Co., being first duly sworn, say that on the 1st day of December, 1970, it was served with an order of garnishment in the above entitled action, ~~that it has delivered no money, personal property, goods, chattels, stocks, rights, credits nor evidence of indebtedness belonging to the Defendant Wayne McCreery, a/k/a Kermit W. McCreery, to him since receiving said order of garnishment, and~~ that the following is a true and correct statement:

"(1) (Money or Indebtedness Due) It holds money or is indebted to said Defendant, as of the date of this Answer, in the following manner and amounts, to-wit: None

"(2) (Personal Property in Possession) It has possession of personal property, goods, chattels, stocks, rights, credits, or effects of said Defendant, as of the date of this Answer, described and having an estimated value as follows to-wit: None

"(3) (To be answered if the relationship between the Garnishee and the Defendant is an employment relationship.)

"(a) Defendant is paid weekly __X__ every two weeks __ __ semi-monthly _____ monthly _____ (designate one).

"(b) This Answer covers earnings (defined as wages, salary, bonus or commissions) for the period _____ day of not applicable, 19_____, through _____ day of _____, 19_____.

"(c) Total gross earnings due for the period covered by (b) above are ............................... ............ $ __—0—__ .

(d) Amounts required by law to be withheld
1—Federal Social Security Tax ......... $_____
2—Federal Income Tax ................ _____
3—State Income Tax ................ .. _____
4—Railroad Retirement Tax ............ _____
Total ......................................... $_____.
(Deduct only those items listed above)

"(e) Disposable earnings for the period covered by (b) above are ....................................... $ __—0—__ .
(c) minus (d)

"(f) Average gross earnings for normal pay period as designated in (a) above ............................. $ __300.30__ .

(g) Average disposable earnings for normal pay period as designated in (a) above after deduction of applicable items

designated to be withheld in $(d)$ above but this time, compute an average of withholding for a normal pay period as in $(a)$ above ................................. $\$ \quad 228.28$ .

"I will hold the above described moneys or other items in my possession until the further order of the Court.

"CURRAN & Co.—Garnishee
By: /s/ H. L. Boren
Name of Officer: Secretary-
Treasurer

"Subscribed and sworn to before me this 21st day of December, 1970. My commission expires: August 7, 1974.

"/s/ Carol J. Wiedmeier
Notary Public

"INSTRUCTIONS TO GARNISHEE:

"This form is provided for your convenience in furnishing the Answer required of you in the Order of Garnishment. If you do not choose to use this form, your Answer, under oath, shall not contain less than that prescribed herein. Your Answer must be filed with the Clerk of the above-named Court within the time prescribed in the Order of Garnishment.

"The defendant's attorney advised us that since Wayne McCreery was working in Utah, was a resident of Utah and was paid from our Utah office, that we could not legally withhold his Utah wages he had earned there without an order from a Utah court. Our legal counsel concurred with Mr. McCreery's attorney; therefore, we were unable to withhold wages due him as at December 1, 1970.

"CURRAN & Co.
/s/ H. L. Boren"

Thereafter, plaintiff filed a motion for judgment alleging the garnishee had failed to file an answer in the manner specified in the statute and had failed to withhold payment of the indebtedness. On February 5, 1971, the garnishee filed a motion for leave to file further answer in event its answer was found insufficient and alleged its failure to file a proper answer was the result of excusable neglect. The court, in its journal entry of February 11, 1971, made the following finding:

"3. By reason of its disregard of the Order of this Court and by reasons of its failure to file an Answer herein in the manner specified in K. S. A. 60-718, Plaintiff is entitled and is hereby granted judgment against the Garnishee, Curran & Co., for the amount of Plaintiff's judgment against Defendant as set out in the Journal Entry of Judgment filed herein. None of said judgment has been paid by Defendant."

K. S. A. 1971 Supp. 60-718 provides that: "Within twenty (20) days after service upon him of the order of garnishment the gar-

nishee shall file his verified answer thereto with the clerk of the court stating the facts with respect to the demands of the order. . . ." The statute also provides that: ". . . If the garnishee fails to answer within the time and manner herein specified, the court may grant judgment against garnishee for the amount of the plaintiff's judgment or claim against the defendant, but if the claim of the plaintiff has not been reduced to judgment, the liability of the garnishee shall be limited to the judgment ultimately rendered against the defendant: . . ."

If the document filed by the garnishee constituted an "answer" within the meaning of the statute the plaintiff was not entitled to judgment. We have had no occasion to consider what is encompassed by an "answer" within the contemplation of this statute.

It is noted that the garnishee crossed out that provision of the statutory form which required it to state that no money, etc., had been delivered to defendant since the garnishment order was received. The statement at the bottom of the answer of the garnishee was to the effect that the defendant was working in the State of Utah, was a resident of the State of Utah, and was paid in the State of Utah; and that the garnishee, on advice of counsel, could not withhold wages without an order of the Utah court. It is apparent that the garnishee was attempting to explain why a portion of the statutory form was deleted.

We do not propose to answer the legal question raised by the answer of the garnishee; however, we do not deny the right of the garnishee to raise this issue. The statutory form was not suitable for this purpose. In order to raise the issue the defendant had to modify the form since the crossed out portion provided no alternative.

The information required in the statutory form should be provided, but we feel the modification of the form is justified when a legitimate issue cannot otherwise be properly presented to the court. In fact, the deleted portion of the form had no greater weight than its counterpart in the order of garnishment. The garnishee was under the same obligation to the plaintiff, regardless of whether the deleted portion was in the answer or was not in the answer.

Based on this reasoning, we conclude the answer filed by the garnishee was not defective and the trial court erred in entering judgment in favor of the plaintiff.

We can see justification for a judgment in favor of the plaintiff

when the garnishee completely ignores the garnishment order as occurred in *Buzbee v. Allen County State Bank,* 191 Kan. 112, 379 P. 2d 250. We can see no justification for employing the harsh results of substituting one debtor for another after a garnishee has submitted himself to the jurisdiction of the court. In this situation, even though a garnishee fails to supply information of a material nature to the interests of the plaintiff, the plaintiff has remedies and the court has jurisdiction to enforce those remedies. We are referring to an order of the court directing garnishee to furnish the information, a direct request for admissions, the submission of written interrogatories, or the taking of oral depositions. Under these circumstances, the plaintiff has not been denied any rights that did not exist at the time the order of garnishment was issued.

In *Jones v. Main,* 196 Kan. 91, 410 P. 2d 303, the defendant garnishee made a note on the garnishee's summons that he had no money due the principal defendant and filed it with the clerk. We held that this constituted an appearance which entitled the garnishee to a three-day written notice under K. S. A. 60-255 (*a*) before a default judgment could be entered against the garnishee. The following language of the opinion is pertinent:

"We deem it unnecessary to decide the question of whether the somewhat unorthodox pleading filed by Perfecto, apparently *pro se*, fulfills all the requirements of the answer which the statute directs is to be filed by a party who has been garnisheed. Assuming, for the sake of argument, that the instrument under scrutiny in this case does lack certain statutory essentials, we believe it is nonetheless sufficient to constitute an appearance within the purview of 60-255 (*a*), . . ." (p. 92.)

The answer of the garnishee in the instant case was more extensive in content than the limited statement in *Jones.* In view of this we are fully justified in concluding an appearance was made by the garnishee here.

In the case of *Durfee Mineral Co. v. City Nat. Bank of Temple,* (1922 Tex. Civ. App.), 236 S. W. 516, the court considered the issue of whether an insufficient answer conferred jurisdiction on the court and stated:

". . . However, this article is not regarded as applicable to the present case, for the very simple reason that the garnishee did not fail to make answer to the writ. It filed a written answer, which was defective in several important particulars, it is true; nevertheless, it was an answer, and constituted the company's legal appearance in the court a quo. It was sufficient to give jurisdiction to that court over the person of the garnishee, and to enable it to try and adjudicate the issues properly arising thereunder. . . .

"We see no distinction, in principle, as to the rule in garnishment cases and in other classes of cases upon the question we are considering. The filing of an answer, however defective, constituted legal appearance, and conferred jurisdiction over the person. This the garnishee might have prevented, and it might have availed itself of the statutory right to have another writ issued to take its deposition in answer to interrogatories, by refusing or failing to answer the original writ of garnishment. This it did not choose to do, but filed an answer. Even if the effect of sustaining the exceptions to the answer was to leave the garnishee without any answer to the merits, it would not affect the question of the court's jurisdiction to proceed with the cause." (pp. 517, 518.)

See also, 6 Am. Jur. 2d, Attachment and Garnishment, § 350, p. 806.

In Gard, Kansas Code of Civil Procedure Annotated, § 718, p. 598, the author comments on K. S. A. 60-718 as follows:

"The provision found in the former law for the taking of a default judgment against the garnishee, when he fails to answer, for the full amount of the plaintiff's judgment or claim, is retained in this section. It seems a harsh penalty for default. But it has always been a part of the Kansas law and affords the only remedy which would be realistic. In the absence of an answer and an opportunity to take issue with it the plaintiff has no way of finding out what property or indebtedness is involved, or its value. Consequently there is no basis for a default judgment against the garnishee for what he owes to the defendant, as it cannot be ascertained. An alternative would have been to require the garnishee to present himself for interrogation, as in the former procedure on execution. But the inconvenience of this seems more burdensome than to continue the risk of a default judgment for failure to answer."

We would add to Judge Gard's comments that as long as a garnishee submits himself to the jurisdiction of the court the discovery provisions of the code give ample tools to the plaintiff to protect and enforce all rights intended to be provided to support his interests. Whenever a garnishee makes an appearance in an action no judgment should be entered against him without providing an opportunity to fully answer and present his defenses.

The judgment is reversed and remanded with directions to permit plaintiff to join issues with the garnishee's answer by reply or other appropriate pleading.